CASE 28—ACTION TO HAVE A MORTGAGE DECLARED TO OPERATE AS AN ASSIGNMENT FOR THE BENEFIT OF CREDITORS—Dec. 11.

# Davis, &c. v. H. Feltman Co., &c.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT DISTRIBUTING THE DEBTOR'S ESTATE AND JAMES DAVIS AND OTHERS APPEAL. REVERSED.

HOMESTEAD—LOSS OF DEBTOR'S FAMILY—MORTGAGE EMBRACING HOME-STEAD OPERATING AS AN ASSIGNMENT FOR CREDITORS—VALIDITY OF MORTGAGE TO EXTENT OF HOMESTEAD—ATTORNEYS' FEES PAYABLE OUT OF TRUST ESTATE.

Held: 1. Where a debtor acquired the right to the homestead exemption by the occupancy of land with his family, he did not lose the right by the death of his wife and the marriage of his children, as he continued to live on the land with his sister.

2. A judgment declaring a mortgage to be a preference, and to operate as an assignment for the benefit of creditor, did not defeat the debtor's homestead right in the mortgaged land, and therefore the mortgage lien is valid to the extent of the

Davis, &c. v. H. Feltman Co., &c.

homestead; creditors having no right to complain of any disposition which the debtor may make of his homestead. Gideon v. Struve, 78 Ky., 134, overruled.

3. A creditor who succeeds in an action brought by him to have a transfer made by the debtor declared to operate as an assignment for the benefit of creditors is entitled to the allowance of an attorney's fee, for attacking the fraudulent conveyance, to be paid out of the estate.

By agreement of parties, the cases of James Davis, &c. v. The H. Feltman Co., &c., Walker & Sengstak v. The H. Feltman Co., &c., and the H. Feltman Co. v. James Davis. &c., were heard together in the court of appeals.

L. W. GALBRAITH, FOR APPELLANT, JAMES DAVIS.

CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES CITED.

(1) One absent and not consenting can not be bound by an agreed order. Blight's Heirs v. Bank, etc., 6 Mon., 225.

(2) If the debtor has acquired the right to homestead, the loss of his family will not deprive him of it. Ellis v. Davis, 90th Ky., 183; Stultz v. Sale, 92d Ky., 5; Thompson on Homesteads, 72.

(3) The debtor by preferential assignment does not forfeit his exemption rights. Kentucky Statutes, sections 1910 and 1913; Calloway, etc. v. Calloway, etc., 19th Ky. Law Rep., 873.

(4) The conveyance of an exempt homestead to prefer one creditor to the exclusion of another will not be set aside. Lesley v. Perry, 6 Bush, 515; Thompson on Homesteads, 412; Whitt v. Kendall, 11th Ky. Law Rep., 116; Maynard v. May, 11th Ky. Law Rep., 166; Whayne's Exr. v. Morgan, 11th Ky. Law Rep., 254.

(5) So the like conveyance of exempt property, together with property not exempt, does not operate as an assignment of the debtor's exempt property. Calloway, etc. v. Calloway, etc., 19th Ky Law Rep., 783.

(6) Appellant could apply to have his homestead set aside to him at any time before the proceeds of its sale were distributed, or would have been distributed in the regular course of procedure. Calloway, etc. v. Calloway, etc., 19th Ky., 872.

(7) The question as to the rights of the mortgagor as against the mortgagee, in a case like this, has not been directly in issue before this court. Baker, etc., v. Kinnaird, 94th Ky., 5; Allen's Sons v. Dillingham's Assignee, 20th Ky. Law Rep., 980; Calloway, etc. v. Calloway, etc., 19th Ky. Law Rep., 870.

(8) The mortgagees, Walker & Sengstak, moved the court to allow them the homestead without any pleading showing the homestead right and were therefore not entitled to it. Proof without pleading will not avail. Murrell's Admr. v. McAllister, 79th Ky., 311.

(9) The mortgagees, Walker & Sengstak, having agreed to the order of distribution of July 1, 1898, can not now have this homestead set aside to their use.

W. H. WADSWORTH, FOR WALKER & SENGSTAK.

The contention of appellants upon this appeal is, that the homestead of James Davis passed to them under their mortgage of September 25, 1890, and certainly did not pass by operation of law to his creditors' *pro rata*.

The contention of appellees is:

1. That the question was *res judicata* and settled by the judgment of the Mason circuit court of March 2, 1895, and by the judgment of the court of appeals affirming same November 24, 1897.

2. That James Davis was not entitled to any homestead.

3. That if he was, it passed by operation of law under the judgment of March 2, 1895, to his creditors *pro rata*.

Taking up the last contention first, it is difficult to see if the contention that appellants had waived the right to the homestead in a judgment as to the sale of the property and the distribution of the money, how that could inure to the benefit of Jas. Davis; and if the contention is that there was a waiver, it would follow, I think, that the waiver was in favor of the parties to the record who were resisting the claims and demands of appellants, and not appellee Davis, who, it appears, did not controvert the legality of the mortgage he gave appellants, and who had paid the debt of appellants at least to the extent of $1,000 by a mortgage on his homestead which had never been cancelled or set aside or reconveyed to him.

*First*, as to the real question in the case, that of *res judicata*.

The judgment of March 2, 1895, simply disposed of the question between Walker & Sengstak and the creditors, as to whether or not the mortgage from Davis to them was preferential, and the court held that it was, and operated as an assignment, &c. That judgment did not undertake to decide any question in this case except that as stated, and to adjudge that Piper, the first mortgage holder, had a preferred lien.

We submit that the evidence shows conclusively that Davis was entitled to the homestead claimed and we further sub-

mit that the appellants, Walker & Sengstak, should at least have the benefit. of their diligence in securing a lien upon the homestead of the debtor Davis.

### POINTS AND AUTHORITIES.

Hayes v. Griffith, 85 Ky., 375; Walker, &c. v. Davis, &c., 43 S. W., 406; Stultz v. Sale, 92 Ky., 5; Baker v. Kinnaird, 94 Ky., 5; Lischy v. Perry, 6 Bush, 515; Fuqua v. Ferrell, 80 Ky., 71; Calloway v. Calloway, 39 S. W., 241; Allen & Allen v. Dillingham's Assignee, 47 S. W., 1076; Gideon v. Struve, 78 Ky., 134.

W. D. COCHRAN, ATTORNEY FOR H. FELTMAN Co. AND B. F. POWER & Co.

Upon the questions raised by appellants, Jas. Davis and Walker & Sengstak, we adopt the brief filed by Messrs. Wall & Worthington on behalf of Mary Davis, administratrix.

Upon the questions raised by appellees, the H. Feltman Co. and the B. F. Power Co., on their cross appeal as to their right to an allowance of $1 000 on account of attorneys' fees, we cite the following authorities, to-wit:

Strobee v. Boresieg, 13 Ky. Law Rep., 398; Dougherty v. Cummings, 20 R., 1948; Sims v. Birdsong's Admr., 22 R., 1046.

(The brief of Wall & Worthington referred to is not in the record.—Reporter.)

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

On the 25th of September, 1890, James Davis executed a mortgage to the firm of Walker & Sengstak upon a tract of 431 acres of land owned by him in Mason county, Ky., and on certain tobacco in the warehouse in Cincinnati, Ohio, to secure an indebtedness to them of $16,000. This mortgage contained no reservation of homestead, but, in terms, conveyed all the right, title, and interest of Davis therein. On the 1st of October following the execution of the mortgage, Davis made a general assignment of all his property to Thomas Wells for the benefit of his creditors. The mortgage to Walker & Sengstak was attacked within six months by H. Feltman & Co., large creditors of Davis, as preferential; and at the December term,

1893, of the Mason circuit court, it was decided that it was made in contemplation of insolvency, with the design to prefer, etc., and that it operated as an assignment of all his property and effects, and inured to the benefit of all his creditors in proportion to the amount of their respective demands. The judgment of the Mason circuit court was affirmed by this court, and in the opinion this court said: "It must be held that his act was preferential, under the statute, and operated as an assignment of all his property not exempt from execution for the benefit of his creditors." After the return of the case to the circuit court, the appellants, Walker & Sengstak, filed a written motion, and asked the court to adjudge that they had a lien by virtue of their mortgage upon the homestead of James Davis in the mortgaged property, and that they be paid $1,000 on account thereof out of the proceeds of the sale. The court overruled the motion, and adjudged that the proceeds of the homestead of Davis should be distributed equally among his creditors, and directed a sale of the real estate for this purpose. The land was sold on credits of 6, 12, and 18 months, and the sale was confirmed at the July term, 1898, and an order entered allowing the purchaser to anticipate the maturity of his obligations executed to the master commissioner theretofore by the payment of the whole of the purchase money, and the master commissioner was directed to distribute the money to the creditors in accordance with their respective rights. At the following term of the court, Davis moved the court to set aside to him out of the proceeds of the land sold, as exempt from the claim of his creditors, the sum of $1,000 for his homestead, and at the same time filed his affidavit reciting the grounds upon which he based this motion, and alleged that he had not consented to or

known of the order authorizing the purchaser to pay for the land before the maturity of his obligations. At the July term, 1898, the H. Feltman Company moved the court for an allowance out of the proceeds of the land to be paid to their attorney for services rendered in the proceedings instituted by them to have the mortgage of Davis to Walker & Sengstak set aside as preferential, upon the ground that these services were rendered for the common benefit of all the creditors. The motion was overruled, and upon this appeal these questions are presented for decision: First, Walker & Sengstak claim that they are entitled to $1,000, the proceeds of the homestead, by virtue of the mortgage. Second. It is claimed by Davis that appellants, Walker & Sengstak, waived their right to the proceeds of the homestead because they consented to the judgment of July 1, 1898, distributing the proceeds to the general creditors; and (2) it is claimed by him that, as against his general creditors, it was exempt. Third. It is claimed by the general creditors that the question was settled by the judgment of the Mason circuit court rendered at its March term, 1895, and is therefore *res adjudicata.*

The first question to be determined is whether the appellant, Davis, was entitled to a homestead at the date of the mortgage to Walker, Sengstak & Co., on the 25th of September, 1890. It appears from the deposition of Mary Davis that the appellant, James Davis, had lived on the land for more than 40 years; that during his occupancy thereof he had married, and had two children; that his wife had died, and that his children had grown up, married, and moved away from the old homestead, but that she had continued to live with her brother during this time, and was so living with him at the date of the execution of the mort-

gage. These facts unquestionably entitle him to a homestead, and the loss of his family by death and marriage did not defeat this right. See Ellis v. Davis, 90 Ky., 183, (11 R., 893). 14 S. W., 74; and Stults v. Sale, 92 Ky., 5 (13 R., 337), 17 S. W., 148; 13 L. R. A., 743; 36 Am. St. Rep., 575.

The next question to be determined is the effect of the execution of the mortgage to Walker & Sengstak upon his entire tract of land, without any reservation, and the subsequent judgment of the court holding this conveyance an act of bankruptcy under the statute of 1856. It was held in Kuevan v. Specker, 11 Bush, 1, that the homestead exemption was not lost by a fraudulent conveyance to a third party, which was set aside at the instance of creditors, the court saying: "A fraudulent conveyance does not enlarge the rights of creditors, but merely leaves them to enforce their rights as if no conveyance had been made, and they will not be allowed to attack the conveyance as fraudulent, and then deny that he was the owner, in order to defeat his right to exemption." This was followed by the case of Gideon v. Struve, 78 Ky., 134. In this case Struve and wife conveyed two acres of ground on which they resided. Certain creditors of Struve obtained a judgment for the sale of the lot under the act of 1856, upon the ground that the conveyance operated as a transfer of all of their property to their creditors. Struve filed a petition for homestead out of the lot, and it was held that their conveyance passed their title for the benefit of their creditors, and that they were not entitled to a homestead in the land conveyed. The conclusions reached by the court in this case appear to be in direct conflict with the previous case of Kuevan v. Specker. In the case of Calloway v. Calloway, 19 R., 870; 39 S. W., 241, this question was again considered by this court,

and, after a very full consideration of the
case, and all the other cases bearing thereon, it was
held that an insolvent debtor did not forfeit his right to
exempt property under the law by any act which operated
as an assignment of his property under the act of 1856 for
the benefit of his creditors, and that they had no right to
complain, as they could not have subjected the debtors'
exempt property to the payment of their debts previous
to the act of bankruptcy under the statute. In this case
the court appears to have gone back to the rule in Kuevan
v. Specker. Both cases are in direct conflict with the
Struve case, and after a careful examination of both cases,
the court has decided to adhere to Kuevan v. Specker and
Calloway v. Calloway, and the case of Gideon v. Struve
is now overruled. We therefore conclude that the home-
stead of Davis did not pass to the general creditors by
reason of the acts and judgment relied on.

The claim of Walker & Sengstak to the proceeds of the
homestead presents a more serious question. In the opin-
ion in the Calloway v. Calloway case, Judge Paynter says:
"It must be understood that we are not considering the
rights of the mortgagee, vendee, or transferee in the ex-
empt property of the debtor, which is embraced in the
deed, mortgage, or transfer which operated as an assign-
ment, but only the question of the rights of the debtor
to the exempt property as against creditors other than
the one to whom he may have deeded, mortgaged, or trans
ferred his exempt property." The case of Allen v. Dilling-
ham's Assignee (20 R., 980), 47 S. W., 1076,
presented this state of fact: The Curd &
Sinton Manufacturing Company, a private cor-
poration of which W. H. Dillingham was the
president and principal stockholder, was largely indebted
to the Allens; and, to secure the payment of this indebted-

ness, Dillingham conveyed his dwelling house and lot to Charles E. Arnold, a brother-in-law of the Allens. Shortly after the execution of this deed from Dillingham, the Curd & Sinton Company made a general assignment for the benefit of their creditors, and the assignee attacked the deed to Arnold as a preferential arrangement made to favor the Allens, and within the act of 1856; and his contention was sustained. Thereupon the Allens asserted a claim to appellant's $1,000 homestead exemption in the property conveyed, and in passing upon this claim the court said: "A debtor may make such disposition of his exempt property as to him may seem right, and no creditor can be heard to complain. . . . To the extent that he can pass a perfect and indefeasible title to the property, the same must necessarily inure to the benefit of his vendee." And the Allens were adjudged entitled to the sum of $1,000 of the proceeds of the homestead. This case decides the exact question we have in this case. We therefore conclude that as James Davis owned the homestead in the tract of land mortgaged to Walker, Sengstak & Co., which was exempt from the claims of his creditors, his conveyance thereof vested the mortgagee with all the right, title, and interest therein, and that the court erred in not so adjudging.

The remaining question to be considered upon the appeal is the claim of the H. Feltman Company to an allowance out of the proceeds of the land as a fee to their attorney for services rendered in the proceedings instituted by them to have the mortgage of Davis to Walker & Sengstak set aside as preferential. Section 489 of the Kentucky Statutes provides that: "In an action for the settlement of estates or for the recovery of money or property held in joint tenancy. coparcenary or as tenants in common if it

shall be made to appear that one or more of the legatees, devisees, distributees or parties in interest have prosecuted for the benefit of others interested with themselves, and have been at trouble and expense in conducting same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble and for necessary expenses in addition to the fees and cost; said allowance to be paid out of funds recovered before distribution, the persons interested having notice of the application for such allowance." And section 1912 provides that settlements of insolvent estates shall be conducted as actions and proceedings for the settlement of the estates of deceased persons are now required to be conducted, so far as same are applicable. The H. Feltman Company instituted the suit seeking to hold the mortgage of Davis to Walker & Sengstak void under the act of 1856, and their attorney took all the proof upon the question, wrote the judgment, advised the receiver with regard to the management of the property, argued the case orally in the circuit court, and briefed it in the court of appeals. As the result of these services, the mortgage to Walker & Sengstak for $16,000, with many years' interest, was set aside, and the property therein mortgaged inured to the benefit of all the creditors equally. If this mortgage had stood, the general creditors would have received practically nothing upon their claims, as in the end they only realized about 30 per cent. Under the provisions of the statute quoted, and as decided in the case of Strobel v. Boresig, 13 Ky., Law Rep., 398, we think their attorney was entitled to a reasonable fee out of the estate for his services in attacking the fraudulent conveyance only, and that the court erred in not fixing an allowance therefor.

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.

Opinion modified on its face, and petitions for rehearing overruled.