## Matlock v. Salem Bank.

(Decided May 8, 1931.)

C. H. WILSON for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Dr. F. V. Matlock died testate on May 10, 1922. He was the husband of appellant, Mrs. Alma Matlock, who was the sole devisee named in his will. On January 3, 1920, W. U. Stubblefield executed and delivered to the appellee, Salem Bank, his note for $300 which Dr. Matlock signed as surety. Dr. Matlock was a patron of the

Salem Bank, which was located in the town of Salem, in Livingston county, where the Matlocks resided.

Appellant qualified as executrix of her husband's will and in the settlement of the estate was advised and assisted by the officers of the bank. She had notices inserted in the newspapers of Livingston and Crittenden counties in which all persons holding claims against her husband's estate were directed to file them with the cashier of the Salem Bank and all persons indebted to the estate were requested to call at the Salem Bank and settle with its cashier. The bank held a number of notes signed by Dr. Matlock as surety which were filed as claims against his estate and paid. But the Stubblefield note was not filed, and appellant knew nothing of its existence until some time in August, 1928. One hundred dollars of the principal and interest to January 1, 1928, had been paid. The president of the Salem Bank in August, 1928, for the first time informed appellant that her husband had signed the note as surety. He further told her that Stubblefield was insolvent and that her husband's estate was bound on the note and she would have it to pay. She asked for the note in order that she might examine it, and was told it had been sent to the bank's attorney at Smithland. She went to Smithland and was informed by the bank's attorney that suit had been instituted on the note in the Crittenden circuit court and that it had been filed with the papers in the case at Marion, Ky.

The officers of the bank agreed to dismiss the suit if she would sign as surety a renewal note executed by Stubblefield. A note dated October 15, 1928, for $209, which was the balance due on the old note with accumulated interest, was prepared and Stubblefield signed it as principal and appellant as surety. This note matured on April 15, 1929. After its execution, but before its maturity, appellant discovered that the original note which her husband had signed as surety was dated January 3, 1920, was due six months after date, and consequently, as to the surety, was barred by the seven years' statute of limitations when the bank instituted suit on it and when the note here in controversy was signed by her. Kentucky Statutes, sec. 2551.

Suit on the renewal note was brought in October, 1929, Stubblefield failed to interpose a defense and judgment was entered against him. Appellant filed an answer in which she alleged, in substance, that her sig-

nature to the note was obtained by misrepresentation and fraud on the part of the president and cashier of the bank; that they fraudulently represented to her that the estate of her deceased husband was liable to the bank for the balance due on the note which had been signed by him as surety, when, in fact, each of them knew that the note was barred as to the surety by the seven years' statute of limitations; that she relied upon the statements and representations of the officers of the bank and, in ignorance of her rights in the premises, signed the note. The case was tried at the November, 1929, term of the Crittenden circuit court and was submitted to the jury which returned a verdict for the defendant, Mrs. Alma Matlock. The trial court sustained the bank's motion for a new trial and set aside the judgment which had been entered on the verdict. On the second trial the bank's motion for a directed verdict in its favor was sustained and Mrs. Matlock has filed in this court a motion for an appeal.

It appears that the trial court sustained the bank's motion for a new trial and its motion for a directed verdict on the second trial on the theory that the case of Citizens' National Bank of Somerset v. Dodson, 231 Ky. 660, 21 S. W. (2d) 1019, was controlling. In that case it was held that a false representation as to law without any misrepresentation or concealment of fact does not amount to fraud in the absence of trust or confidential relations between the parties. This is a sound principle of law and was properly applied in the Dodson case, where the misrepresentations relied on were misrepresentations of matters of law. There Mrs. Dodson was requested to execute a note in renewal of a note of her deceased husband, and she alleged that it was fraudulently represented to her that she was liable on the original note and that her signing the renewal would not place any additional responsibility upon her. She had not signed the original note, and, as pointed out in the opinion, the fact that she had not signed it and was not bound upon the original note was known to her.

Here the appellant had never seen the note which had been signed by her husband, Dr. Matlock, and did not know when it was executed nor when it matured. The officers of the bank insisted that she and the estate of her husband were bound upon the note and procured her signature to the so-called renewal note without informing her that the original note was barred as to

the surety by the statute of limitations. Under the circumstances, considering the relation existing between her and the officers of the bank, it was their duty to divulge to her all the facts in order that she might act with a knowledge of her rights. The statements of the officers, if not positive misrepresentations, amounted to a concealment of a material fact which they should have disclosed to the appellant under the circumstances.

We conclude that the trial court erred in sustaining appellee's motion for a directed verdict, and appellant's motion for an appeal is sustained, the appeal granted, and judgment reversed for further proceedings consistent herewith.