# Tewmey et ux. v. Tewmey's Assignee et al.

### (Decided Dec. 1, 1933.)

R. L. BLACK and C. C. BAGBY for appellants.

ERROL W. DRAFFEN and E. H. GAITHER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

It appears from the record here before us that the appellant Virgil Tewmey is a farmer, operating on rather a small scale, and was, in 1931, the owner of two small tracts of farming land in Mercer county. Upon one of these there was located a house, but was not occupied by Tewmey or his wife, Frances Tewmey. It further appears that Tewmey had, prior to the time of his transactions here involved, borrowed of T. P. Kirkland, also made a defendant below, the sum of $1,000, for which it is pleaded he had given the said Kirkland his note, secured by the name of his father, J. A. Tewmey. Virgil Tewmey becoming involved and in need of raising further money applied to the said Kirkland

therefor, who agreed to lend him an additional $500, in consideration of his giving him a mortgage on his said two tracts of land to secure the new note to be executed him by Tewmey therefor, in the sum of $1,500, which he would then be owing, for the $500 new loan he was thus making him and also for his cancellation and surrender to Tewmey of the said $1,000 prior note he held against Tewmey and his father. Accordingly on July 27, 1931, the appellants, Virgil Tewmey and wife Frances Tewmey, executed and delivered to T. P. Kirkland his note for $1,500, as of that date and due in twelve months, which was secured by their mortgage on his said two tracts of land.

It further appears that on August 25, 1931, next following, that Tewmey and his wife did by their further instrument of conveyance, duly executed and acknowledged by them, deed to Charles S. Matherly, as trustee, for the benefit of his creditors, all of his real estate and personal property, out of which it is alleged he reserved all his legal exemption rights therein, including their homestead.

On January 4, 1932, the said Charles S. Matherly, as trustee for the creditors under the deed of assignment, made him as stated, filed his petition in equity for the settlement of the Tewmey estate, wherein the said Tewmey and wife and also T. P. Kirkland were made parties defendant, and wherein after reciting the execution and delivery of the deed of assignment by Tewmey and wife to him for the benefit of his creditors, alleged that just prior thereto, and when Tewmey was then insolvent, that he, together with his wife, Frances Tewmey, had on July 27, 1931, executed to the defendant T. P. Kirkland their aforesaid mortgage on all his real estate, being the same as described and included in their later deed of assignment made him, and attacked this mortgage, averring that it was made by Tewmey for the purpose of preferring Kirkland over Tewmey's other creditors, and as being one given in contemplation of his insolvency, which condition was then well known to his mortgagee, Kirkland, and operated as an assignment for the benefit of his creditors as coming within the purview of section 1910 of the Kentucky Statutes.

To this petition the defendant and mortgagee,

Kirkland, filed an answer, counterclaim, and cross-petition, denying that his mortgage constituted a preference and alleging certain facts as circumstancing the making by Tewmey of this mortgage to him, to the effect that Tewmey at the time of making the mortgage in question was then indebted to him in the sum of $1,000, for money advanced him prior to July 27, 1931, when Tewmey and his wife in consideration of $500 then paid them, cash in hand, and the further consideration of their then existing indebtedness to him of $1,000 for money previously advanced, that the said Tewmey then executed to him his note for $1,500, covering the amount of the two loans and also their mortgage simultaneously therewith upon their lands as security for its payment.

Further he denied that the mortgage, thus taken from the Tewmeys, constituted a preference and also alleged that Tewmey had a homestead in the land, which was covered by his mortgage, thereof made him, and that the $500 included in the new note for $1,500 of date July 27, 1931, was advanced at the time of and simultaneously with the making of the mortgage and therefore, that to that extent also there was no preference. To this pleading Tewmey and wife filed answer, counterclaim, and cross-petition, denying that the defendant Kirkland, at the time of the making of said mortgage, had no knowledge of his then condition of insolvency, or that it was accepted by him in good faith with the belief that he was solvent, and further pleaded that the mortgage was procured from them by the misrepresentation and fraud of the said Kirkland and other of his creditors conspiring with him, whereby they induced the defendants, relying thereon, to execute the said mortgage of their homestead interest in said lands, which they would not have done but for their belief and reliance upon said fraudulent misrepresentations and false statements so made them by Kirkland to the effect that because Tewmey did not then, as he concluded, legally occupy or live on the land that he had no homestead interest therein; and that such fraudulent misrepresentation had been believed and relied on by them and had induced their execution to him of the mortgage.

To Tewmey's pleading Kirkland filed reply, denying its allegations and also pleading other affirmative matter which was in turn denied by reply of plaintiff both to Kirkland's original reply, answer, and counter-

claim and also to his amended answer, counterclaim, and cross-petition.

Following pleadings made up the issues, after which proof was taken and the case submitted on Kirkland's demurrer to appellants' answer, counterclaim, and cross-petition, and the said lands having been sold for $1,880, the learned chancellor rendered the following judgment thereon:

"The court being advised is of opinion and so adjudges that the mortgage from Virgil Tewmey and wife to T. P. Kirkland referred to and attacked in the petition herein was a fraudulent preference and that it be set aside to the extent and except as hereinafter set out.

"It is adjudged that said mortgage is legal and effective to the extent of $392.00 with 6% interest thereon from the 27th day of July, 1931, and Kirkland is adjudged a first lien thereon and on the proceeds of sale thereof for said sum and his cost herein expended.

"It is adjudged that the defendant Virgil Tewmey is entitled to a homestead in said lands to the extent of $1,000. but on the cross petition of Kirkland he is adjudged a lien on the same for the remainder of his debt set up in his cross petition of $1108.00 with 6% interest from July 27, 1931, until paid.

"It is therefore ordered and adjudged that the assignee pay over to said Kirkland the aforesaid $392.00 with interest as aforesaid, together with the cost expended by him herein, and that the aforesaid $1,000. representing the homestead be likewise paid over to said Kirkland with interest from July 27, 1931.

"It is adjudged that the defendant Virgil Tewmey is not entitled to any further sum or sums by way of homestead and that all of the proceeds of the sale of the land of said Virgil Tewmey by the assignee after making the aforesaid payments and paying the cost of this proceeding properly chargeable to him be held by the assignee and disbursed by him as general funds to the creditors of said Virgil Tewmey.

"To so much of the foregoing judgment as refuses to allow any funds to Virgil Tewmey as homestead he objects, excepts and prays an appeal to the Court of Appeals which is granted; to so much of the opinion as adjudges the mortgage to be a preference, and refuses to award him a first lien for his entire debt T. P. Kirkland excepts and prays an appeal to the Court of Appeals which is granted.

"The defendant, T. P. Kirkland, having filed a demurrer to the answer and cross petition of the defendant, Virgil Tewmey and Frances B. Tewmey; and the Court being advised sustains the demurrer of the defendant, T. P. Kirkland, to said cross petition; and the defendants Virgil Tewmey and Frances R. Tewmey having refused to plead further, it is adjudged by the Court that the said Tewmey's cross-petition be dismissed to which ruling of the Court the defendant Tewmey objects and excepts and prays an appeal to the Court of Appeals, which is granted."

It is to be noted that the judgment states that "To so much of the foregoing judgment as refuses to allow any funds to Virgil Tewmey as homestead he objects, excepts and prays an appeal to the Court of Appeals, which is granted." There is thus here presented for our review this part of the judgment appealed from. The record upon this appeal is, however, brought before this court upon the pleadings alone, thus limiting our inquiry and determination solely to the question of the sufficiency of the pleadings to support the judgment in sustaining the demurrer of T. P. Kirkland filed to the answer and cross-petition of the appellants, Virgil Tewmey and Frances Tewmey, and its dismissal thereof, upon their declining to plead further.

The appellants thus present for our determination upon this record so limited, only the one question as to whether or not the court erred in sustaining the demurrer to their answer, counterclaim, and cross-petition, wherein they pleaded that the mortgage executed by the defendant Kirkland was one constituting a preference in favor of Kirkland and in fraud of other creditors, as coming within the purview of section 1910, Kentucky Statutes, and further that the mortgage conveying their homestead in the land to Kirkland was procured

by him and other creditors through and by reason of their fraudulent misrepresentation made them to the effect that the appellants had no homestead interest in the mortgaged land because of their not living thereon, and whereby they were deceived and induced to execute the mortgage, when but for their reliance on the truth of such fraudulent misrepresentations they would not have mortgaged their homestead interest.

Appellants contend that the court erred in sustaining the demurrer to their pleading, or in other words to the court's holding that the pleading by appellants of such alleged fraudulent misrepresentation by Kirkland, consisting of his alleged statement made them of his erroneous opinion of the homestead law, to the effect that the appellants had no homestead interest in their lands, because of their then not occupying it as such, did not constitute an actionable fraud. Kirkland's statement here alleged as to appellants' homestead rights in his land represented his conclusion of the law based upon the facts of the case, equally well known to both parties, who were dealing at arm's length with each other. As to this we are of the opinion that the court's ruling, sustaining the demurrer, was not in error, as it is the well-settled rule of law that a false representation as to law, without any misrepresentation or concealment of fact, does not amount to an actionable fraud in the absence of trust or confidential relation between the parties. Matlock v. Salem Bank, 238 Ky. 724, 38 S. W. (2d) 714. In 26 C. J. sec. 106, p. 1207, this rule is thus stated:

"It has been said that misrepresentation or concealment as to a matter of law can not constitute actionable fraud because every one is presumed to know the law and therefore can not, in legal contemplation, be deceived by erroneous statements of the law, and such representations are ordinarily regarded as mere expressions of opinion, on which the hearer has no right to rely. Further it has been held that a charge of fraud can not be predicated on an honest error in a statement of the law." To the same effect see 12 R. C. L., p. 295, sec. 59.

The same rule was further so declared and applied in the case of Citizens' National Bank of Somerset v. Dodson, 231 Ky. 660, 21 S. W. (2d) 1019, 1920, where the court said:

"The alleged misrepresentations relied on, if made, were but misrepresentations of matters of law. The fact that appellee had not signed and was not bound upon the original note was known to her. As a general rule, fraud cannot be predicated upon misrepresentations as to matters of law, nor upon opinions upon questions of law based on facts known to both parties alike; * * * and a false representation as to the law, without any misrepresentation or concealment of fact, does not amount to fraud if there is no relation of trust or confidence between the parties."

See, also, Schroeder v. Gohde, 123 Minn. 459, 144 N. W. 152, 6 A. L. R. 571, and annotations thereto on page 574 thereof.

The appellant contends that inasmuch as the mortgage here made to Kirkland was adjudged to be one in fraud of creditors, and should be set aside, that it results that he thereby becomes repossessed of his homestead interest in these lands mortgaged by him just the same as had they never in fact been mortgaged, or that even if it should be held that his mortgage of his homestead in the land to Kirkland was good and effective as a conveyance to his mortgagee of his homestead interest therein, that upon its being set aside as a preference, the mortgage would not then constitute a waiver and loss of his homestead rights therein as to the other creditors, with the result, he contends, that after payment to Kirkland of the thousand dollar homestead in the land and the cash advance of $500 made him simultaneously with executing the mortgage, that his claim to a homestead right in the remainder of the sale proceeds would be good as against the other general creditors as to whom he had made no waiver or grant by mortgage or otherwise of his homestead interest. However, we cannot agree with either of these contentions, by reason of the rule of law being otherwise well settled, that even though a debtor may make a fraudulent conveyance of his property to one creditor in favor of another, or by preferring another, it is yet effective to convey his exemption rights therein in that an unlawful preference of creditors arises and exists only as to property which was subject to execution for their debts and does not apply to property exempt to the debtor, for the reason stated, that creditors cannot be defraud-

ed, hindered, or delayed by the transfer of property which neither at law nor in equity can be made to contribute to the satisfaction of their debts, and hence it is almost universally conceded that property which is by statute exempt from execution cannot be reached by creditors on the ground that it has been fraudulently transferred. Therefore none of the usual rules by which the good or bad faith of a transaction is determined are applicable in such cases. Cosby v. Ross' Adm'r, 3 J. J. Marsh. 290, 20 Am. Dec. 140, and Paxton v. Freeman, 6 J. J. Marsh. 234, 22 Am. Dec. 74; Falkenburg v. Johnson, 102 Ky. 543, 44 S. W. 80, 19 Ky. Law Rep. 1606, 80 Am. St. Rep. 369.

> "It resolves itself into this: That as to exempt property there are no creditors within the meaning of the statute. This rule, of course, applies to homestead rights in the various states in which they are recognized."

Davis v. H. Feltman Co., 112 Ky. 293, 65 S. W. 615, 23 Ky. Law Rep. 1510, 99 Am. St. Rep. 289; 12 R. C. L. pp. 505 and 506, sec. 35.

Here the appellant's act in making a mortgage of his homestead interest in the lands was not an act in fraud of his creditors, for the reason that such homestead interest being exempt from their reach, they were no worse off after the mortgage than they were before. As they had no claim upon the homestead property, the agreement which the parties here made, whereby their homestead was mortgaged to Kirkland, was of no concern to them, as creditors have no right to complain of dealings with property which the law does not allow them to apply on their claims. Anderson v. Odell, 51 Mich. 492, 16 N. W. 870. But the homestead is charged with the lien of the mortgagee in such cases, because as over against a valid mortgage of property which includes the homestead, there is no homestead exemption or none remaining in the mortgage, for the reason that they have, under the mortgage, parted therewith through conveying it. In Davis v. H. Feltman Co., 112 Ky. 293, 65 S. W. 615, 617, 23 Ky. Law Rep. 1510, 99 Am. St. Rep. 289, where there was involved the right of the mortgagee, whose mortgage had been declared to be preferential in an action filed against it by other creditors after Davis, the debtor and mortgagor had made

a general assignment of the porperty, the court, in there holding that the mortgagee was entitled to the proceeds from the sale of the property, said:

> "We therefore conclude that as James Davis owned the homestead in the tract of land mortgaged to Walker, Sengstak & Co., which was exempt from the claims of his creditors, his conveyance thereof vested the mortgagee, with all the right, title, and interest therein, and that the court erred in not so adjudging."

And again in the case of Allen et al. v. Dillingham's Assignee, 104 Ky. 801, 47 S. W. 1076, 1079, 20 Ky. Law Rep. 980, the court, repeating this legal principle, said:
> "* * * It has been repeatedly held by this court that a party may convey exempt property for the purpose of preferring a creditor without such conveyance being held to operate as an assignment of his property for the benefit of all his creditors. In other words, a debtor may make such disposition of his exempt property as to him may seem right, and no creditor can be heard to complain. If Dillingham had included a separate homestead worth $1,000 in the conveyance to appellants, for the purpose of preferring them, and in contemplation of insolvency, it would hardly be contended that the vendee could not hold the same. * * * It can make no difference, in principle or in equity, that Dillingham had conveyed the entire property to appellant Arnold for the benefit of N. R. Allen's Sons. * * * Hence it follows that the appellants are entitled, in addition to the sums allowed to them in the judgment, to the further sum of $1,000, to be paid out of the proceeds of the sale of the property in question; and, in the event * * * the property should only sell for $1,000, appellants would be entitled to the whole thereof."

Next considering appellants' further and final plea that even though their homestead in the property be adjudged to Kirkland as mortgagee thereof, yet that appellant is entitled as against his other creditors to recover the amount of their homestead in the remainder of the proceeds after the payment to Kirkland of his $1,500 debt, cannot be sustained, for the reason that appellants had but one homestead right or exemption in

the property which they conveyed by mortgage to the defendant Kirkland, and, having disposed of that, such interest is lost to them, and cannot yet in them remain thereafter, or be again revived as a new or second homestead interest effective in their favor as against the other creditors. The appellants cannot thus be allowed to "eat their cake and have it too," and, having therefore disposed of it under their mortgage to Kirkland, they thereby fully and finally divested themselves of all their homestead interest in the assigned property.

We are therefore of the opinion that the judgment of the chancellor, being in accord with our views, as herein indicated, was in all respects free from error and should be and is therefore affirmed.