**McDONALD v. GOODMAN et al.**

Court of Appeals of Kentucky.

April 27, 1951.

See also, 237 S.W.2d 849.

Raymond C. Arny, Louisville, for appellant.

L. R. Curtis, J. Donald Dinning, S. L. Greenebaum, Louisville, for appellees.

STEWART, Justice.

Appellant, Pearlie McDonald, instituted this action in the Second Division of the Common Pleas Branch of the Jefferson

Circuit Court against appellees, Dr. Arthur O. Goodman, Dr. Ira N. Kerns and the American Radiator and Standard Sanitary Corporation, to recover $50,000 compensatory damages and $25,000 punitive damages from each of them, for mental suffering resulting to her by an alleged illegal and unauthorized autopsy which appellees, she avers, caused to be performed upon the remains of her deceased husband. From a directed verdict in favor of appellees by the trial court, appellant prosecutes this appeal, asking a reversal of the judgment below for these reasons:

First, the autopsy was unauthorized by Mrs. McDonald, because her consent to it was obtained by misrepresentation; and, second, all three appellees conspired to have an illegal autopsy performed, or they approved of it after it was done, thus making them liable to her for the damages suffered by her for their alleged wrongful act.

Teddy B. McDonald, the husband of appellant, died September 12, 1948. Appellee, Dr. Arthur O. Goodman, the McDonald family physician, had visited McDonald twice that day and had just returned to his office when he received a call that McDonald had died. The doctor immediately returned to the McDonald home, examined the decedent, and then stated to Mrs. McDonald that he must report the case to the coroner. He also told her, at the same time, and we quote Mrs. McDonald's testimony, "that the law required an autopsy to be held". Thereupon Dr. Goodman left without saying anything further. Later in the day the undertaker produced to her the typewritten consent to the autopsy, which she read and signed, after requesting that its scope be limited to the region around the heart.

Mrs. McDonald testified that she executed the written agreement for the autopsy to be performed solely because Dr. Goodman had told her the law made it compulsory; that she did not learn that it was legally unnecessary to have it done until quite a while afterwards; and that Dr. Goodman never communicated with her to inform her differently.

Dr. Goodman testified that he learned from the coroner on the day of McDonald's death that an autopsy, under the circumstances, was not required by law and that, after obtaining this information, he went back to Mrs. McDonald and apprised her of this fact. He stated he did, however, recommend that she have an autopsy performed upon the body of her husband for the following reason:

McDonald had sustained an injury on December 11, 1947, while an employee of appellee, American Radiator and Standard Sanitary Corporation, resulting from a glancing blow on the chest and jaw by the handle of a hand truck slipping from his grasp. Appellee, Dr. Ira N. Kerns, the Corporation's plant physician, examined McDonald the day after his injury and later on two other occasions, but found no connection between McDonald's pains around his heart region, of which he continued to complain, and his injury above mentioned.

On August 24, 1948, McDonald had a heart attack at his home. Dr. Goodman was summoned to treat him and, thereafter, Dr. Morris Weiss, a heart specialist, was consulted with reference to McDonald's condition. Dr. Weiss stated, as a result of his examination, that the patient's condition could possibly be attributed to his injury received on December 11, 1947. As an employee of the Corporation, McDonald had signed up and was working under the terms and provisions of the Kentucky Workmen's Compensation Act at the time of his accident, and, if his death could be connected with his injury, Dr. Goodman told Mrs. McDonald, she and her family would be entitled to compensation benefits from McDonald's employer. The cause of her husband's death could only be established, he advised her, by an autopsy. Dr. Goodman says she agreed to the autopsy for the reason outlined by him to her. He then arranged for it by securing a pathologist to perform it and by working out the other necessary details to effectuate it. Moreover, believing that Mrs. McDonald was unable to defray the expense of it, he contacted Dr. Kerns and obtained

his agreement that the latter would have the Corporation pay the pathologist's fee for the autopsy. The autopsy disclosed the fact that McDonald died from a natural cause. For this reason, Mrs. McDonald's and her family's claim for compensation could not be established. Accordingly, the results of the autopsy were disappointing to her.

We cannot subscribe to the first contention advanced by appellant, namely, that a cause of action accrued to her because her consent to the autopsy of her husband's remains was induced by the alleged misrepresentation of Dr. Goodman. It has often been held by this Court and other courts of last resort that a mere expression of opinion is not sufficient to sustain a cause of action for misrepresentation or deceit, especially where the statement in question is made by a layman or other person who does not pretend to have any special knowledge on the subject. The misrepresentation must be concerning a matter of material fact as distinguished from an assertion of an opinion, and must be made with knowledge of its falsity, or under circumstances which do not justify a belief in its truth. Baker v. McDonald, 185 Ky. 470, 215 S.W. 292. This rule is succinctly stated in Tewmey v. Tewmey's Assignee, 251 Ky. 489, 65 S.W.2d 479, 481, quoting from 26 C.J., Sec. 106, p. 1207, as follows: " 'It has been said that misrepresentation or concealment as to a matter of law can not constitute actionable fraud because every one is presumed to know the law and therefore can not, in legal contemplation, be deceived by erroneous statements of the law, and such representations are ordinarily regarded as mere expressions of opinion, on which the hearer has no right to rely. Further it has been held that a charge of fraud can not be predicated on an honest error in a statement of the law.' " See also 37 C.J.S., Fraud, § 55.

If Dr. Goodman told Mrs. McDonald that it was legally compulsory for her to have an autopsy performed upon the body of her husband, such a statement was a mere expression of opinion based upon a mistaken but honest belief of what he conceived the law to be under the circumstances of the case. The truth or falsity of such a representation could have been tested by ordinary vigilance or inquiry upon her part. The foundation for this legal principle is set forth in 23 Am.Jur., Fraud and Deceit, Sec. 45, p. 810, in this language: "The reasons generally advanced as the basis of the rule that fraud cannot be predicated upon misrepresentations as to matters of law are that everyone is presumed to know the law, both civil and criminal, and is bound to take notice of it. Hence, one has no right to rely on such representations or opinions and will not be permitted to say that he was misled by them."

We therefore conclude that appellant's action in the case at bar will not lie against Dr. Goodman. We shall now consider whether her claim for damages should be sustained against Dr. Kerns and the Corporation. The only evidence produced at the trial that even remotely involves the Corporation with the autopsy was the proof that, through its physician, Dr. Kerns, it advanced the fee to the pathologist for his service in performing it. In this connection, it is uncontradicted that Dr. Kerns agreed to have the Corporation finance what he considered would be a beneficial act only after he saw Mrs. McDonald's written consent to the autopsy and believed she had agreed to it. Unquestionably, under the circumstances just described, appellant's conduct estops her from maintaining any action for damages against either Dr. Kerns or the Corporation. The principles of equitable estoppel are applicable in every respect under the facts of this case to these two defendants, and the rule on this point is well stated in Montgomery Coal Corporation v. Riddle, 211 Ky. 26, 276 S.W. 975, 976, as follows: "Estoppel in pais, sometimes called equitable estoppel, embraces in its various subdivisions estoppel by conduct; that is, such conduct by the one sought to be estopped as thereafter precludes him from asserting a cause of action or relying upon a defense, although such cause of action or defense may be based upon truth, against one who has changed his position for the worse in reliance upon such conduct."

See Scottsville Oil Co. v. Dye Bros., 203 Ky. 496, 262 S.W. 615, and 19 Am.Jur., Estoppel, Sec. 34, p. 634.

▇▇▇ Appellant next insists that appellees conspired to have an illegal autopsy performed, or they approved of its consummation. Her counsel cites and relies upon the case of Streipe v. Liberty Mutual Life Insurance Co., 243 Ky. 15, 47 S.W. 2d 1004, to establish this contention, claiming it is analogous in a complete sense to the case at bar. We cannot accept either view of appellant. A conspiracy is a corrupt or unlawful combination or agreement between two or more persons to do by concerted action an unlawful act, or to do a lawful act by unlawful means. Smith v. Board of Education of Ludlow, 264 Ky. 150, 94 S.W.2d 321. There is no evidence in the record of this cause of action to sustain any of the elements of conspiracy. The autopsy was not illegally performed on the body of McDonald, for it was consummated solely by the coroner and the pathologist, who were not made parties to this action, but which two persons would not have touched the remains of McDonald had not Mrs. McDonald consented in writing to the autopsy. The Streipe case is clearly distinguishable from the instant one for the reason that the autopsy was performed upon the remains of Streipe without the widow's knowledge or consent, and the Streipe opinion, under the circumstances, properly decided that an illegal autopsy had been accomplished in a conspiratorial manner. Mrs. McDonald's written agreement to the autopsy of her husband's body, although repudiated by her as we have noted herein, removes her case from the application of the legal principles set forth in the Streipe decision.

▇▇▇ Counsel for appellant complains because the court refused to permit Mrs. McDonald to prove that her employment with the Corporation, where she was working, was terminated after her husband's death; and, next, to read to the jury KRS 342.070, which deals with death benefits in a compensation case; and, finally, to introduce as proof to the jury the opinion and order of the referee, and the full Board review thereon, rendered by the Workmen's Compensation Board of Kentucky on the claim filed by herself and her husband's dependent children against the Corporation for compensation incident to McDonald's death. This evidence was irrelevant in respect to the issues raised in the instant case and was properly excluded by the trial judge.

It is our opinion that the circuit court did not err in peremptorily instructing the jury to find for the appellees.

Wherefore, the judgment is affirmed.