**Phyllis N. FIELDS**

v.

**LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.**

**No. 1633.**

United States District Court,
E. D. Kentucky,
Covington Division.

Oct. 4, 1972.

John J. O'Hara, Covington, Ky., for plaintiff.

Rodney S. Bryson, Covington, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

This action was brought by the plaintiff against the defendant to recover damages resulting from alleged misrepresentations of law and/or fact. The record of the case is before the court on the plaintiff's motion for leave to file a second amended complaint, and on the motions of the plaintiff and defendant for summary judgment.

These parties have been before the court on a previous action involving the same policies of insurance out of which this suit has arisen. At various times between 1955 and 1963 the defendant insurance company issued several policies of insurance on the life of Jan A. Fields, then Phyllis Fields' husband, naming Phyllis Fields as beneficiary. On September 27, 1966, Phyllis Fields was, by decree of the Kenton Circuit Court of Kentucky, divorced from Jan A. Fields. Despite Jan Fields' divorce and his following remarriage, Phyllis Fields remained as named beneficiary on the policies. On September 9, 1969, Jan Fields was killed in an airplane crash. Phyllis Fields then initiated an action in this court to recover the proceeds of the policies of insurance issued by the defendant. The court held in accordance with Kentucky statutory and case law that Phyllis Fields' interests in the policies were extinguished upon her divorce and that the estate of Jan A. Fields was entitled to the proceeds. The court noted, however, that Phyllis Fields was entitled to recover the premium payments she had made subsequent to the divorce. Phyllis Fields is now

attempting to recover an amount equal to the face value of the policies upon the theory that the insurance agent of the defendant selling her the policies incorrectly advised her that she continued to have an insurable interest in the life of Jan A. Fields despite the divorce and that her continued payment of premiums would entitle her to the proceeds. Specifically the complaint alleges that Phyllis Fields was advised subsequent to her divorce by an authorized agent of the defendant that she:

"had the right to pay the premiums for the aforementioned policies of insurance, that by so doing she would be entitled to the entire proceeds upon the death of said Jan A. Fields, that (she) had an insurable interest in the life of said Jan A. Fields and that (she) should therefore maintain said policies by paying the additional premiums therefor."

The complaint further alleges that:

". . . the aforementioned representations . . . were therefore false and fraudulent material misrepresentations of fact, which the defendant knew, or should have known, were false and fraudulent misrepresentations of fact, upon which the plaintiff relied to her detriment, resulting in the loss of, and the withholding from, this plaintiff, of personal property to which she was entitled . . ."

The plaintiff's tendered second amended complaint prays for punitive damages in the amount of $30,000.00.

■ The defendant has suggested that the case is barred by the doctrine of res judicata. Even though this action has grown out of the same policies of insurance as did the previous action, the cause here is separate and distinct from that previously litigated, and the court holds that it is not res judicata. Kernel Kutter, Inc. v. Fawcett Publications, Inc., 284 F.2d 675 (7 Cir. 1960).

The court is satisfied that there are no genuine issues as to any material fact and that upon the pleadings, affidavits and memoranda, the case may be decided as a matter of law.

■ The circumstances of the case do not support the plaintiff's allegation that the defendant by and through its authorized agent fraudulently and falsely misrepresented matters of fact. The defendant's agent's advice to the plaintiff related solely to matters of law. The plaintiff was advised by the defendant that, her divorce notwithstanding, she continued to have a legally insurable interest in the life of Jan A. Fields and was advised that her continued payment of premiums would legally entitle her to the policies' proceeds. The agent simply told Phyllis Fields what he believed the legal consequences would be if she were to continue to make premium payments.

It is possible for representations of law to have the effect of representations of fact, but here the situation is such that it must be concluded that the representations made by the defendant's agent were, and had the effect of, representations of law. The defendant's agent has averred by affidavit that he merely told the plaintiff what he believed the law to be, and has averred that he did not think that his advice was untrue. The Restatement of Law, Torts, distinguishes at section 525 representations of law which may be treated as statements of fact, and representations of law which must be treated as statements of opinion. It is said that a statement of law has the effect of a statement of opinion if:

". . . it expresses only the actor's judgment as to the legal consequences which would be attached to the particular state of facts if the question were litigated."

Clearly, under the foregoing standard, the defendant's agent's representations were not representations of law that had the effect of representations of fact, but were representations of law that had the effect of statements of opinion.

Having determined from the evidence that the plaintiff's claim relates to a

representation of law rather than fact, the case resolves to the single issue of whether an erroneous representation of law is actionable.

There is no evidence before the court, nor has it been suggested that any could be produced, that would establish, either directly or by implication, that the statements made by the defendant's agent were knowingly false or intentionally fraudulent. What occurred was not an intentionally made misleading representation of law, but an innocently made statement of opinion, and the court is convinced that the defendant is entitled to have the complaint dismissed as a matter of law.

▉ As a general rule misrepresentations of law are not actionable. The reasons most usually advanced for this rule are that a statement concerning a matter of law is nothing more than an opinion upon which no one has the right to rely and that everyone is presumed to know the law, therefore, no one can be deceived by a misrepresentation regarding it. McDonald v. Goodman, Ky., 239 S.W.2d 97 (1951); and Tewmey v. Tewmey, 251 Ky. 489, 65 S.W.2d 479 (1933). In this case the defendant's agent merely stated his opinion as to what he thought would be the consequences of the plaintiff's continued payment of the premiums. The fact that his opinion was incorrect, or the fact that the plaintiff followed his advice does not establish fraud. There is no evidence in the record from which it could be inferred that the defendant acted with moral turpitude. The law does not make one party to a contract responsible in damages for every erroneous or false representation made to the

other, even though it may have been injurious.* An order will this day be entered sustaining the defendant's motion for summary judgment and dismissing the complaint.

---

* Although the court is satisfied that the plaintiff has no right to recovery upon her stated cause, it may be noted, as did the defendant in its memorandum, that were she entitled to relief, she could recover nothing more than she already has. Where a misrepresentation of law is actionable recision of the contract is the usual remedy. Were the contracts of insurance in this case rescinded the plaintiff's measure of damages would be an amount equal to the cost of the premiums she had paid following the misrepresentation, that is, the premiums she had paid subsequent to her divorce. In the prior action the court ruled under the authority of Salisbury v. Vick, Ky., 368 S.W.2d 317 (1963), that the plaintiff was entitled to recover a sum equal to the amount of premiums she paid after her divorce.