In re EVANS.

(District Court, E. D. North Carolina. July 11, 1902.)

1. BANKRUPTCY—ATTORNEY AS TRUSTEE.

Where an attorney accepts the office of trustee, he surrenders for the time his standing in the court of bankruptcy as an attorney for creditors.

2. SAME—ATTORNEYS FOR CREDITORS—COMPENSATION.

Attorneys elected by creditors to represent them in bankruptcy proceedings must look to them for compensation, not to the bankrupt estate or to the court.

3. SAME—EXEMPTIONS.

A fund collected from property disposed of by a bankrupt to preferred creditors within four months, and taken outside the state, was not subject to his claim for an amount sufficient to make up his $500 personal property exemption.

In Bankruptcy.

Morrison & Whitlock, for creditors.

PURNELL, District Judge. From the report of the referee, to which no exceptions appear in the record, three questions are presented upon which argument is unnecessary. Upon an examination of the record, it appears the bankrupt had disposed of his entire estate in an attempt to defraud his creditors, retaining property valued at $158.50, which the trustee has allotted him as a personal property exemption; and it also appears the property allotted him by the trustee was all the property the bankrupt owned in the state. The property disposed of consisted of a stock of goods which were taken to Georgia by preferred creditors, Beck & Gregg. The claim against these goods was placed in the hands of attorneys in Atlanta, who collected $750, and retained $125 as their fee. "The referee is of the opinion that the charge of $125 for the collection of this claim is excessive, and that the charge of $50 would be proper." The referee possibly has information aliunde the record on this subject which the court has not, and, with the lights before it, the holding of the referee is affirmed.

The second question presented is also as to an attorney's fee claimed by Messrs. Morrison & Whitlock, who, it is stated at the creditors' meeting, were elected attorneys for the trustee. The trustee is a practicing attorney, and states in the record: "We [meaning himself and the firm of Morrison & Whitlock] represent, not only the petitioning creditors, but also a large majority of all the creditors." The manner of allowing attorney's fees is fixed by the statute, and is discretionary with the court, and when an attorney accepts the office of trustee, he surrenders for the time his standing in the court of bankruptcy as an attorney for creditors. The practice of attorneys electing or having themselves elected trustees in bankruptcy is not approved. Attorneys are officers of the court. The claim will therefore not be considered as one by the trustee, but as one represented by the firm of attorneys. This claim ignores the rules heretofore laid down by this court as to the exercise of the discretion in allowing attorney's fees, and not even a reduced amount will be allowed. Attorneys who desire the exercise

of this discretion must follow the rule prescribed in a former decision; otherwise it will not be exercised in any case. As it appears the firm was elected by the creditors, it must look to its constituents, not the bankrupt estate or to the court, for its compensation. The recommendation of the referee and trustee on this claim is overruled, and the claim disallowed.

The third question is upon the petition of the bankrupt for an allowance of $341.50 out of the funds collected by suit or compromise—the record does not state which—of the claim in Atlanta, to make up the $500 personal property exemption provided for by the state constitution and laws. The bankrupt had parted with all his property in the stock of goods, and the fund now on deposit was realized by the vigilance and activity of creditors other than Beck & Gregg. This was a preference within the four months, and under the act of congress an attempted fraud. Hence the bankrupt can claim no interest in this fund. It was not property in his possession or in the state. The fund belongs to the creditor⁻, not to the bankrupt, who had parted with all interest in the property from which it was derived.

The ruling of the referee that the bankrupt is entitled to receive from the trustee a sum sufficient to make $500 when added to the amount already allotted is overruled, and the petition of the bankrupt dismissed.