## In re EVANS.

(District Court, E. D. North Carolina.    September 5, 1902.)

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—ALLOWANCE OF ATTORNEY'S FEES.

Attorneys representing the petitioning creditors of an involuntary bankrupt, and elected by the creditors to represent the trustee, who followed property fraudulently disposed of by the bankrupt into another state, and there recovered all that has come into the hands of the trustee for distribution to creditors, will be allowed a reasonable fee for their services therefrom by the court, where the creditors refuse to pay such fee.

In Bankruptcy. On petition for allowance of attorney's fees.

Morrison & Whitlock, pro se.

PURNELL, District Judge. After the opinion in this cause, filed July 11, 1902 (116 Fed. 909), a petition was filed in behalf of Messrs. Morrison & Whitlock, asking a rehearing touching the question of fees asked and then refused for reasons stated. Counsel have been heard on such petition, and much desired information given the court on the subject. The general remarks in an opinion this day filed in Re Carr, 117 Fed. 572, apply equally to this case. The facts now appear to be that the bankrupt had disposed of about all his property, and these attorneys first took out attachment proceedings in the state court, which were abandoned, and a petition in bankruptcy filed. The goods in the meantime had been taken out of the district and carried to Georgia, to which jurisdiction the attorneys followed them, and brought suit for $2,600. They advanced initiatory costs, secured testimony, and paid the expenses of litigation. The petitioning creditors have paid them nothing, and, after solicitation to do so, declined, insisting that the court must allow the attorney's fee. This puts an entirely different phase on the case from that presented in the original bill for attorney's fee, in which nothing of this was shown. The attorneys have followed the property, done all that has been done, and by their efforts realized a fund for the benefit of creditors, who have done literally nothing. Under these circumstances, attorneys should be paid from the fruits of their labors, even though such fruit was less than was anticipated. Had they recovered what was expected, a larger fee would have been considered by all as reasonable, and probably would have met with no objection. The attorneys are not responsible for what seems to have been one of those incidents of a trial which so frequently cause adverse comment on petit jury verdicts.

Upon the facts as now disclosed, the court allows Messrs. Morrison & Whitlock $150, as a reasonable attorney's fee, to be paid them out of the fund realized.