# Eastern Kentucky Asylum for the Insane, By, et al. v. Cottle.

(Decided May 19, 1911.)

## Appeal from Elliott Circuit Court.

Homestead—Abandonment—Lunatic—Subjection of Homestead to Claim of State—A lunatic who at the time of his commitment to the asylum has a homestead, does not lose his right thereto by reason of his confinement in the asylum or the death of his wife and the marriage and departure of his children. And the homestead can not be subjected to the payment of the State's claim for his maintenance, even though it be made to appear that the lunatic is incurable and will never be able to occupy the homestead.

W. H. REDWINE and B. S. GRANNIS for appellant.

HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Eastern Kentucky Asylum for the Insane, brought this action against appellee, I. N. Cottle, a lunatic confined therein, to subject the latter's homestead to the payment of the State's claim for his maintenance in that institution. The trial court denied the relief sought, and the asylum appeals.

Appellee was adjudged a lunatic in 1879. At the time of his commitment he owned a small piece of property in Martinsburg, Kentucky, which was then occupied by him and his wife and their children. Since his confinement in the asylum his wife has died and his children have married and left the homestead. It appears that Cottle is an incurable lunatic, and will, therefore, never be able again to occupy the premises in question.

Appellant's counsel base its right to recover on the theory that there has been a practical abandonment of the homestead, inasmuch as no one is now occupying it and appellee, by reason of his incurable lunacy, will never be able to occupy it, and, therefore, the property, instead of being left to decay, should be subjected to the payment of the State's claim.

It is essential to the creation of a homestead that the debtor should have a family, but not to the continuance of the right; and the loss of family by death and marriage does not deprive the debtor of his homestead. (Stults v. Sale, 92 Ky., 5; Suter v. Quarles, 22 Ky. Law Rep., 1080; Rothwell v. Rothwell, 31 Ky. Law Rep., 851.) As it is admitted that appellee had a homestead in the property in question at the time of his commitment, and as he has not been deprived of this right either by the death of his wife or the marriage and moving away of his children, or by his enforced absence under a judgment of lunacy (Holburn v. Pfanmiller's Admr., 114 Ky., 831), it necessarily follows that he still has a homestead in the property. We are now asked to deprive him of this homestead for the benefit of the State, on the theory that he is incurable and will never be able to occupy it again. As there is no statute authorizing this to be done, we are of opinion that it can not be done. As he has not abandoned his homestead by his enforced absence up to this time, we can not see upon what principle of right or justice it can be said that, because he will in all probability never be cured, his homestead should be taken from him. It is sufficient to say that the homestead is his, and his right to occupy it exists as long as he may live. This right ought not to be taken away merely because the chances are it will never be exercised.

Judgment affirmed.