## Frazier v. Potter, et al.

(Decided October 22, 1912.)

Appeal from Letcher Circuit Court.

Homestead—Residing Upon One Tract and Moving to Another.—Where a debtor owning a small tract of land valued at from $200.00 to $600.00 removes from it to another small tract so as to be convenient to a schoolhouse; rents the place he removed from for a part of the crop and cultivates part of it, he is entitled to the land as a homestead, the evidence showing that the two places are not of the value of $1,000.00.

DISHMAN, TINSLEY & DISHMAN and E. E. HOGG for appellant.

IRA FIELDS, R. MONROE FIELDS and ROBERT BLAIR for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On March 13, 1886, Abraham Potter and his wife conveyed to their son, K. S. Potter, for the consideration of love and affection, a certain boundary of land in Letcher County, Kentucky. K. S. Potter took possession of the land at the time the conveyance was made, lived upon it for eight or nine years and then bought another tract of thirty or forty acres located, according to the witnesses, one or two miles from the first tract, to which he moved and upon which he has continuously resided. Previous to their conveyance to their son, Abraham Potter and his wife conveyed the minerals under the first tract of land to one Richards. The deeds were all recorded, but in 1890 or 1891 the record of the deed from Abraham Potter and his wife to their son became defaced or torn from the record, but the clerk's certificate was left intact. Soon after this, Richards, or his vendees, instituted an action against the Potters named to supply the record. The matter was referred to a commissioner who made a report giving the boundary of the land and the court rendered a judgment as prayed for in the petition and directed the Potters to pay the cost. An execution was issued for about $65 and levied upon the first described land and it was sold by the sheriff. Frazier purchased the land and, after the time of redemption expired, a deed was made to him.

This proceeding was instituted by appellant under

section 1689 of the Kentucky Statutes, which authorizes a purchaser to obtain possession of land upon certain conditions named therein. K. S. Potter interposed objections to this proceeding and attacked the validity of the judgment under which the land was sold. He alleged that he had no knowledge of the pendency of the action and that he was not served with summons. He also alleged that he was entitled to a homestead, and the allegations made, if true, show him so to be. It is unnecessary to pass upon the question as to whether or not he can attack the validity of the judgment in this manner. The only question necessary to be considered is as to his right to the land as a homestead. The testimony shows that appellee used the land conveyed to him by his father and mother from the time of the conveyance until the trial. Most of the years he rented a portion of it for a part of the crop and cultivated the other part himself. He always retained the fruit grown on the place, or a part of it. It appears from the testimony that this place was necessary for the support of himself and family; that he moved to the other place for the purpose of educating his children, as it was nearer a schoolhouse; that there were very few acres of cleared land on the place he moved to that were fit to cultivate; that its surface was worth from $75 to $100. The witnesses varied as to the value of the place from which he moved from $200 to $600. Appellee sold and conveyed this new tract of land to the Northern Coal & Coke Company in 1905, for $750, and appellant claims that as this amount added to $600 makes more than the value of a homestead, he should not be allowed to claim a homestead in the land conveyed to him by his father and mother. Appellee claims he first sold the land to J. C. C. Mayo for $10 an acre and executed to him a bond for title dated 1901, and that the conveyance to the Northern Coal & Coke Co. was made in conformity to this title bond, of which it had become the owner; that there was a great and sudden increase in the price of coal land in that vicinity about that time and immediately before the conveyance was made to the Northern Coal & Coke Co. The purchase by appellant at the execution sale was made in 1904, at which time the property was not worth $750 or anything like it. The lower court determined that appellee was entitled to this

land as a homestead. Appellant claims it erred for the reasons stated and for the additional reason that he occupied a place separated from the land in controversy as before stated. In the case of Bennett v. Baird, 81 Ky., 554, the court said:

"No construction of the homestead law, not necessary for the protection of creditors and purchasers against fraud, should be adopted which tends to defeat the object of its enactment. Certainly it should not be so construed as to operate most harshly upon those most in need of its benefits."

In the case of Turner v. Browning, 128 Ky., 81, the court held the debtor entitled to a homestead where he had resided upon one tract and removed to another half a mile away, and said:

"The fact that Turner moved from the tract in controversy to another one-half a mile off, where there was a better dwelling house, using both tracts as a home and both being of less value than $1,000, had no effect upon his right to homestead."

In the case of Donaldson v. Richart, 22 Ky. L. R., 1268, the court held the debtor entitled to a homestead in two tracts of land one and a half miles a part, both tracts being cultivated and used as such.

For these reasons, the judgment of the lower court is affirmed.