## Smith v. Moss.

(Decided November 13, 1925.)

## Appeal from Whitley Circuit Court.

1. Appeal and Error—Court Assumed to have Sustained Demurrer to Answer, though Record did Not Show Action Taken Thereon.— Where defendant's counsel conceded that demurrer to answer was sustained, and filed amended answer and counterclaim containing additional and more specific averments of facts alleged in answer, Court of Appeals will assume that demurrer was sustained, though record does not show what action was taken thereon.

2. Appeal and Error—Omissions from Record of Demurrer to Answer and Ruling Thereon Held Immaterial, in View of Facts of Record and Judgment Rendered.—Where record showed that case was submitted on demurrer to first amended answer and on defendant's motion to discharge attachment, and court awarded plaintiff relief prayed, failure of record to show that plaintiff filed demurrer to such answer or insisted on applying previous demurrer thereto and omission of court's ruling on such demurrer and motion is immaterial.

3. Homestead—Facts Alleged in Answer Held Insufficient to Make Complete Showing of Right to Homestead, though Material to Such Question.—In action on note, aided by attachment against defendant's property under Civil Code of Practice, section 194, subdivision 1, subsection 8, facts alleged in answer that land was only realty owned by defendant, was worth not over $600.00, and incumbered by mortgages aggregating $200.00, that defendant was bona fide housekeeper with family, and that land was his homestead, on which he and family resided, except when temporarily absent while he was working for living, held insufficient to make complete showing of right to homestead, though material to such question.

4. Homestead—Defects in Original Answer Claiming Land Attached as Homestead Held Cured by Amended Answers and Counterclaim. —In action on note, aided by attachment against defendant's property, defects in original answer, alleging facts insufficient to make complete showing of right to homestead held cured by allegations of amended answers and counterclaims.

5. Homestead—Allegations of Amended Answer and Counterclaim, Confessed by Demurrer Held to Establish Claim of Homestead.— Allegations of amended answer and counterclaim, confessed by demurrer, that defendant was bona fide housekeeper with family, had legally acquired homestead in land attached before creation of debt to plaintiff, and had not abandoned right by temporary absences with family, because preceded and accompanied by intention to retain and return to homestead, manifested by alleged re-

tention of possession and cultivation of land during such absences, held to establish claim to exemption.

6. Appeal and Error—Whether Defendant could have Established or Plaintiff Disproved Right to Homestead Set Up in Answer and Counterclaim Demurred to Not Considered on Appeal from Judgment for Plaintiff.—Whether defendant could have established or plaintiff disproved right to homestead, if issue had been made by reply controverting affirmative averments of amended answer and counterclaim, admitted by demurrer, cannot be considered on appeal from judgment rejecting claim after sustaining demurrer.

7. Homestead—Abandonment of Homestead Depends on Claimant's Intention Manifested by Evidence.—Whether homestead in unoccupied real estate has been abandoned depends on claimant's existing intention and purpose, as manifested by evidence in particular case.

8. Homestead—Repeated Temporary Absences from Property with Intent to Return will Not Operate as Abandonment of Homestead.— Temporary absences from property claimed as homestead, though repeated, will not operate as abandonment of right, if claimant entertained ever-present intent and purpose to return to property as permanent home.

STEPHENS & STEELY for appellant.

H. C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought June 7, 1922, by the appellee, C. A. Moss, to recover of the appellant, B. L. Smith, upon a note amounting, principal and interest, to $75.71, alleged in the petition to have been paid by him June 5, 1922, to the First National Bank of Williamsburg, as surety for the latter. By pertinent averments of the petition the maturity of the note and its nonpayment by the appellant were set forth, and an attachment sought against his property upon the ground authorized by section 194, subsection 8, Civil Code. The attachment was issued immediately following the filing of the petition and shortly thereafter evied upon a 100-acre tract of land in Whitley county owned by the appellant.

On the second day of the September term, 1922, of the Whitley circuit court, the appellant filed an answer to the petition, which, without denying his indebtedness upon the note sued on, controverted the grounds of attachment, and in a second paragraph set up a claim by the appellant to a homestead in and to the whole of the

100-acre tract of land upon which it was levied; in asserting which claim it was substantially alleged in the answer that the land was the only real estate owned by the appellant; that it was, as a whole, worth less than $1,000.00, and not exceeding $600.00, and the whole of it encumbered by two duly recorded mortgages, one of $150.00, the other $50.00, the existence of both of which was known to the appellee when and before his action was instituted, who, notwithstanding such knowledge on his part, failed to make the mortgagees parties to the action. It was further alleged in the second paragraph of the answer that the appellant was and is a *bona fide* housekeeper with a family, consisting of a wife and seven children, all infants, and that the land in question was and is his homestead upon which he and his family now reside and in the past have resided, except such times as he has been temporarily absent therefrom "working for a living" and they with him.

It is shown by the record that the appellee filed a general demurrer to each of the two paragraphs of the appellant's answer, and that the case was duly submitted on this demurrer. It fails, however, to indicate what action, if any, was taken thereon by the circuit court. But as it is claimed by counsel for the appellee and conceded by counsel for the appellant that the demurrer was sustained by the court, we will assume that such was that court's ruling. At any rate it does appear from the record that on November 3, 1922, which was the 41st day of the same term of the court, the appellant filed an amended answer, also styled a counterclaim, containing additional and more specific averments of the facts relied on to establish his right to the homestead claimed by him in the land attempted to be subjected to the payment of the appellee's debt.

While the record also fails to disclose that the appellee filed a demurrer to this amended answer and counterclaim, or that he insisted upon applying to the answer as thereby amended, the demurrer previously filed by him, it does appear from orders entered of record on February 15, 1923, of the January, 1923, term of the court, that the case was submitted on the appellee's demurrer to the appellant's first "amended answer," and also on a motion of the appellant to discharge the appellee's attachment; but the ruling of the court on neither of these submissions is found in the record. However, in view of the final action of the court as set

forth in the judgment determining the rights of the parties, the omissions of the record in the particulars last referred to, are wholly immaterial.

The next step occurring in the case, as shown by the record, was the filing by the appellant, September 30, 1924, the 14th day of the September term, 1924, of the court, of a second amended answer and counterclaim. To the answer as thus amended, the appellee again filed a general demurrer; and upon the submission of the case thereon the court sustained the demurrer, rejected the appellant's claim of right to the land in question as a homestead, awarded appellee the recovery of the amount, with interest and costs, claimed to be due him on the note sued on, sustained his attachment and the levy thereof on the land, and directed the sale of the land to satisfy his debt and the costs of the action. The appellant complains of the judgment manifesting the above rulings, and by this appeal seeks its reversal.

The single question presented for decision on the appeal is whether upon the facts alleged in the answer and counterclaim, as amended, and the implied admission of the truth thereof made by the appellee's demurrer, the appellant's right to the homestead claimed by him in the land was *prima facie* shown. As a synopsis of the contents of the appellant's original answer appear on a preceding page of the opinion, they will not here be repeated. So it is sufficient to say, that although the facts therein alleged were material to the question of homestead involved, they stopped short of making a complete showing of the appellant's right to the homestead. If, therefore, the additional facts essential to a *prima facie* showing of the appellant's right to the homestead claimed by him are alleged in the first and second amendments to the answer, or either of them, it would necessarily follow that the circuit court erred in sustaining the appellee's demurrer to the answer, as amended, and, also, in granting him the relief, or any part thereof, recited in the judgment.

Our reading of the first amended answer and counterclaim filed by the appellant convinces us that it cured such defects as appear in the original answer. While much of it was but a repetition of what had been alleged in the original, many of such repetitions give meaning to and strengthen the original averments. Its additional allegations, however, are substantially to the effect, that at the time of the creation of the appellee's debt and prior

thereto the appellant owned and, with his family, was residing on the land sought to be subjected to the payment of the appellee's debt; that at the time mentioned, and all time since, he has claimed and occupied it as a homestead. That while he has not continuously resided on the land, and he and his family have at times remained elsewhere, such absences were but temporary and in each instance necessary to enable him to obtain work and earn money for the support of his family, and that the presence of his family with him during such periods of absence from the land was also necessary because of their need of his personal care.

It was also, in substance, alleged in this amendment that the land in question was the only real estate owned by the appellant, that its value did not exceed $600.00, that it had never been abandoned by him as a homestead, and that at such times as he left the land he did so with the intention of returning to it with his family, and with them reside upon and occupy it as a homestead. While it is admitted by the amendment that the appellant and his family were not residing upon the land at the time of the institution of the appellant's action, it is alleged therein that they were then temporarily in the town of Corbin where he had secured work, but had no home, and that during their stay in Corbin and at such other times as they were absent from the land, he retained the possession thereof as a homestead and cultivated the land or caused it to be cultivated for the benefit of himself and family.

The second and last amended answer and counterclaim of the appellant repeats the allegations of the original answer and first amended answer and counterclaim, that he is now, as when and before the debt sued on was created, a *bona fide* housekeeper with a family, resident in Whitley county, state of Kentucky, and is now residing on and claiming as a homestead the land sought to be subjected to the appellee's debt. The only new matter contained in this pleading is an allegation to the effect that since the filing of his original answer the number of the appellant's children has increased from seven to nine.

In this case there can be no doubt that upon the facts alleged in the appellant's answer and counterclaim, as amended, which are confessed by the appellee's demurrer thereto, the appellant is a *bona fide* housekeeper with a family and that he legally acquired, be-

fore the creation of the appellee's debt, a right of homestead in and to the whole of the land attempted to be subjected in this action to the payment of that debt; and also to be accepted as true from the further allegations of the answer and counterclaim as amended, likewise confessed by the demurrer, that the right of homestead thus acquired had not been abandoned by the appellant before the creation of the appellant's debt, or before, or at the time of the institution by the latter of his action, but that it still exists. Obviously, the absence of the appellant and his family from the land during the period or periods admitted by his pleading mentioned, did not constitute an abandonment of the homestead, if, as alleged in his pleading and admitted by the demurrer, such absences were but temporary and invariably preceded and accompanied by an intention on the part of the appellant to retain and return to the homestead, which intention seems to have been manifested by his alleged retention of the possession of the land and its cultivation by him, during every such absence.

Whether, if an issue had been made by a reply from the appellee controverting the affirmative averments of the answer and counterclaim, as amended, the appellant would have been able to establish, or the appellee to disprove, by evidence his right to the homestead in question, cannot now enter into our consideration of the effect to be given the admitted facts presented by the answer and counterclaim, as amended. We can go no further than to declare, as we have done, that these facts as confessed by the appellee's demurrer *prima facie* manifest the appellant's right to such homestead. The authorities have announced no absolute rule as to the amount or character of evidence that will be regarded sufficient to show that a homestead in unoccupied real estate has or has not been abandoned, as the question turns on the ever existing intention and purpose of the claimant, as manifested by the evidence in the particular case under consideration.

Therefore temporary absence from the property claimed as a homestead, though repeated, will not operate as an abandonment of the right, if the claimant entertains an ever-present intention and purpose of returning to the property as a permanent home. Taree v. Spriggs, 149 Ky. 20; Frazer v. Potter, 150 Ky. 127; Farmers' and Traders' Bank v. Childers, 150 Ky. 719; Baker v. Estridge, 154 Ky. 659; Clolinger v. Callahan, 204 Ky. 33;

Conway v. Reed, 193 Ky. 287. The conclusion at which we have arrived in this case has resulted from an application of the rule above stated.

For the reasons stated the judgment of the lower court is reversed, and the cause remanded with directions to that court to set it aside and overrule the appellee's demurrer to the appellant's answer and counterclaim as amended, and for such further proceedings as may not be inconsistent with this opinion.