**In re HUPP.**

**No. 12771–J.**

District Court, S. D. California, C. D.

Aug. 26, 1930.

Hugh Foster, of Los Angeles, Cal., for bankrupt.

Ralph H. Blum, of Los Angeles, Cal., for E. A. Lynch, trustee.

COSGRAVE, District Judge.

This matter comes before the court on a petition for review of an order of the referee denying the claim of the bankrupt to certain property as exempt. The bankrupt, engaged in retail ladies' clothing business in Los Angeles, was adjudged an involuntary bankrupt on March 21, 1929. Pursuant to the order of the court she filed her schedules on April 8, 1929, in which the property, which is the subject of this controversy, is not described. Certain other personal property is described and claimed as exempt. The record does not show what disposition has been made of this claim.

The trustee, claiming that an alleged transfer of certain furniture and a valuable oriental rug was fraudulent, pursuant to order of the court, prosecuted a proceeding to set aside the transfer. This finally resulted in an order by Hon. Wm. P. James, of this court, on February 20, 1930, declaring the alleged transfer fraudulent and void as against the creditors of the bankrupt. This order has become final, and the property described is in the possession of the trustee and part of the assets of the bankrupt estate.

The bankrupt then applied for and was given permission to file an amended claim of

exemption which she did, wherein the property is described as the furnishings of a certain apartment, together with one Kerminsha rug then in storage. The total value of the property is given as $3,650. The bankrupt states that the furniture is necessary to furnish her home. The claim was resisted by the trustee, and on the examination of the bankrupt in support of her claim it was shown that the property now claimed as exempt was not listed in the bankrupt's schedule filed April 28, 1929. That she had at first claimed that the property had been sold to a third party. This alleged sale was declared fraudulent and void.

At the examination the bankrupt reaffirmed her position that the property had been transferred, and expressed her intention that, if her claim to exemption was established she would either turn it back to her creditor, who she claimed had bought it, or give him the proceeds of the sale of the same. The conclusion of the referee was that the property is not exempt under the statute, and also that the bankrupt was not entitled to amend her schedules to claim it as such. The referee therefore denied the claim, and the matter is now before this court for review.

The bankrupt had been in the business of retail ladies' ready-to-wear garments in Los Angeles for some time and seemed to have carried on an extensive business. Her schedules show a total indebtedness of $46,216.45. A stock in trade of $12,740, open accounts of $10,000, and certain other assets were some rather large ones of doubtful nature, showing a total of $54,329.71. She was sole owner and manager of the business. Her family connections do not appear except that one daughter resided with her. The property claimed as exempt had been in her possession for a good many years. It had been stored at various times, then taken out and used as furnishings in the apartment in which she lived. For some months immediately preceding the adjudication in bankruptcy the property was stored and the bankrupt lived in a furnished apartment. It seems, however, without contradiction the storing or actual use of the property was dependent upon the immediate necessities and convenience of the bankrupt.

The property now claimed as exempt was not included in the schedule originally filed by the bankrupt. It was recovered only by legal proceedings taken by the trustee for that purpose, and without which it would have been entirely lost to the estate. This action by the trustee was vigorously opposed by

the bankrupt and also by the reputed owner. The court expressly found that the alleged conveyance of the property to the claimant was fraudulent and made in bad faith, and this has become a final judgment in the proceeding.

Referring briefly to the provisions of the Bankruptcy Act it is made the duty of the bankrupt (section 7(8), 11 USCA § 25(8), to file a schedule showing among other things, a claim for such exemptions as he may be entitled to. This the bankrupt did in this case, claiming property other than that in question as exempt. It is the duty of the trustee (section 47a(11), 11 USCA § 75(a)(11), to set apart the bankrupt's exemption and to report the same to the court as soon as practical. Presumably this has been done. The Bankruptcy Act seems clearly to distinguish between property which is exempt and that transferred in fraud of creditors. The trustee, immediately upon his appointment and qualification, is vested by operation of law with title of the bankrupt to all the bankrupt's property, except that which is exempt. He is, by subdivision (a)(4) of section 70 (11 USCA § 110(a)(4), expressly invested with title to the property transferred by the bankrupt in fraud of his creditors.

By the judicial determination of this court the property in this case was transferred in fraud of creditors, and by the language of the act itself a discrimination is to be noted between that claimed as exempt and property so transferred. In the one case title does not vest in the trustee, and in the other case it does.

It is almost uniformly held by all authorities on bankruptcy that, if property is fraudulently transferred and omitted from the bankrupt's schedule, it cannot be claimed as exempt after recovery by the trustee, by which it is added to the estate.

"As a general rule a bankrupt may be denied his exemption where he has transferred property in fraud of creditors, concealed his assets, or removed them from the jurisdiction, or committed other acts which are fraudulent as against his creditors." 7 Corpus Juris, 365.

Many decisions supporting the foregoing text are from states whose exemption statutes affect the question. The general trend of decisions, however, is in support of the proposition.

In considering the question whether the bankrupt might claim exemption of property recovered as a result of setting aside a preference, the United States District Court of

Pennsylvania discussed the question from the standpoint of the Bankruptcy Act alone. In discussing the result of successful action by the trustee in setting aside a preference, the court says: "When, therefore, the trustee proceeds to reclaim, by suit or otherwise, the property which has been disposed of, he does it in the interest of creditors whom he represents, and not of the bankrupt, whom—except remotely and contingently—he does not, and whose act, in fact, he is seeking to undo. In view of this, it would produce a most peculiar and anomalous result if at this stage the bankrupt could step in and assert his exemption to that which had been recovered, and thus defeat the very object for which a right of recovery is given by the act." In re Coddington (D. C.) 126 F. 891, 893.

The language of Remington on Bankruptcy, § 1070, applies to the situation before this court: "Thus, sometimes a bankrupt fails altogether to schedule fraudulently conveyed property, held on secret trust for him in the hope that the creditors will pass it over unnoticed and he be allowed to resume its enjoyment afterward. Then on examination, the hidden property is revealed. Thereupon the bankrupt asks for it as exempt and files his application for leave to amend his claim for exemptions. Such an application should be refused; the trustee should not be robbed of the fruits of his work nor should the bankrupt be permitted to play fast and loose with his creditors. It is too late to claim the property as exempt then." 1 Remington on Bankruptcy (2d Ed.) § 1070.

The report of the referee in this case seems to stress the amendment of the schedules of the bankrupt, and the precise order which was subject of attack provides: "Not only is the property not exempt under the statute, but the bankrupt is not entitled to amend her schedules to claim it as such."

The Bankruptcy Act does not in terms provide for an amendment of the schedule filed by the bankrupt. If such action is at all contemplated, it is when necessity arises by reason of inadvertent omission. The amendment of the schedule by the insertion of the property claimed as exempt is not at all necessary in this case. That was accomplished by the judgment, and the property recovered becomes immediately a part of the bankrupt estate. An amendment of the schedule would be a purely clerical act.

An amendment of the bankrupt's claim, however, is an entirely different matter. This apparently has actually been accomplished because the amended claim has been filed and with the permission of the referee. The intention and effect, however, of the referee's ruling is to deny allowance to the amended claim of exemption.

The order of the referee, the effect of which is to deny the bankrupt's claim to exemption, must therefore be affirmed, and it is so ordered.