## ARBOGAST v. GOTTFRIED.
### No. 6064.

Circuit Court of Appeals, Sixth Circuit.
April 14, 1932.

Frick & D'Arcy, of Tiffin, Ohio, for appellant.

Niles & Peters and Paul A. Flynn, all of Tiffin, Ohio, for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

The bankrupt was a married man living with his wife, and at the time of his bankruptcy owned live stock, farming implements, and machinery upon which there were a valid first mortgage for $657.73, and a second mortgage to his mother, admittedly preferential, for $1,110. He had no other property of consequence. The property in question was sold at public auction for $1,536.83. The bankrupt's mother released her mortgage by withdrawing it from the files of the office of the county recorder, and later filed proof of an unsecured claim. The bankrupt asked to be allowed $500 in lieu of a homestead exemption out of the proceeds of the sale of the property in excess of the valid mortgage. The referee and District Court allowed the exemption, and the trustee appeals.

The only question presented is: May a bankrupt claim a homestead exemption in property which was transferred as a preference but which has been returned to his trustee? Section 24, title 11, USCA, provides that the Bankruptcy Act shall not affect the allowance to the bankrupt of the exemptions prescribed by the state laws. Section 11738 of the General Code of Ohio provides for an exemption of $500 in lieu of a homestead. In determining the rights of bankrupts to exemptions, courts of bankruptcy will follow the construction placed upon local statutes by the highest court of the state. In re Tollett, 106 F. 866, 54 L. R. A. 222 (6 C. C. A.); In re National Grocer Co., 181 F. 33, 35, 30 L. R. A. (N. S.) 982 (6 C. C. A.); In re Baker, 182 F. 392, 393 (6 C. C. A.).

The Supreme Court of Ohio has decided that a homestead exemption may be allowed from property fraudulently conveyed, and recovered by creditors. Sears v. Hanks, 14 Ohio St. 298, 84 Am. Dec. 378; Tracy v. Cover, 28 Ohio St. 61; Bills v. Bills, 41 Ohio St. 206; Roig v. Schults, 42 Ohio St. 165. The first two of the above-cited cases state that such exemptions are based upon the policy of the homestead act to protect the family of the debtor, irrespective of his censurable acts. To the same effect are In re Hewitt, 244 F. 245, 247 (1917 D. C. N. D. Ohio), per Judge Westenhaver, and In re Cabot, 295 F. 765 (1921 D. C. S. D. Ohio), per Judge Peck. Appellant concedes the controlling effect of these cases as to property fraudulently conveyed, but insists that there is a distinction to be made between the right to claim exemption from property thus conveyed and recovered back and from property that has been preferentially conveyed. The Supreme

Court of Ohio has never been called upon to consider the rights of a homestead claimant to property preferentially conveyed; but see In re Assignment of White, Ohio (Goebels) Prob. Rep. 153. The only case cited in support of appellant's contention is In re Neal, 14 A. B. R. 550 (Ohio Referee). This decision is not supported by the Ohio decisions in fraudulent conveyance cases which proceed upon the theory that, if the creditors are seeking to subject the property to a debt on the ground that it is the property of the debtor, they may not contest the right of the debtor to claim exemptions on the same ground. Sears v. Hanks, 14 Ohio St. 298–300, 84 Am. Dec. 378; Tracy v. Cover, 28 Ohio St. 61, 65. Collier on Bankruptcy (1927), page 198, finds no good reason for the Neal decision, stating: "The effect of the surrender or recovery of preferences received by creditors is to restore the property of the bankrupt to his estate as if such preference had not been given. When a preferential transfer is set aside it has the same effect as the setting aside of a fraudulent transfer. The property then becomes restored to the bankrupt's estate and is subject to his exemptions." In construing and applying the exemption statutes of Ohio, the Supreme Court of that state, as pointed out in Re Hewitt, supra, "has extended their protection, whenever the law or the facts brought a case within the policy and reason thereof." The giving of a preference is no more reprehensible than the making of a fraudulent conveyance. In either case the effect of the recovery of the property, as said by Collier, supra, is to restore it to the bankrupt's estate. It being the policy of the Ohio exemption laws to protect the family of the debtor, we can see no reason why property which has been preferentially conveyed but voluntarily restored to the trustee, as in this case, is not subject to homestead exemptions.

The judgment is affirmed.