## Richardson et al. v. Richardson et al.

(Decided Jan. 9, 1934.)

ROSE & STAMPER for appellants.

JOHN W. WALKER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In the month of December, 1929, Jesse Richardson, Daniel C. Richardson, and Gentry Richardson brought suit against Jeffie Richardson to recover the balance due on a note on which they were sureties for Jeffie Richardson, and to subject certain real estate in Estill county to the payment of their debt. Jeffie Richardson and his wife, Elizabeth Richardson, were at that time living in Hamilton, Ohio, and were proceeded against

as nonresidents. After they had been notified of the nature and pendency of the action, they returned to Kentucky, and, in addition to other defenses not now material, asserted a homestead in the property sought to be sold. The claim of homestead was disallowed, and from that judgment this appeal is prosecuted.

The facts are these: The two tracts of land sought to be subjected were worth less than $1,000. One of these tracts containing 20 acres appellant purchased from Spicy Clarkston and others. In the other tract, consisting of about 20 acres, appellant owns an undivided five-sevenths interest, one-seventh of which he inherited from his father, Levi Richardson, and the other four-sevenths he purchased from the heirs of his father. The two tracts do not adjoin, but are separated by a third tract, formerly a portion of his father's estate, on which his mother, he, and his two children lived in 1920. Appellant did not erect a home on either of the tracts, but cultivated them while living with his mother. In 1920 appellant moved to Ravenna, bought a home there, known as the Poplar street property, and resided in that home for 5 or 6 years. He then moved to the property on the pike known as the Cedar Grove property, where he kept house for a year and a half with his mother. After the house at Cedar Grove was burned, he went to Ohio, where he married in 1928. Immediately after their marriage he and his wife rented rooms, procured furniture, and kept house. After remaining there for 23 months, they returned to Kentucky after this suit was brought, and took up their residence with appellant's mother on the small tract between the two tracts in controversy. Appellant testified that he left his home only temporarily, always intended to return, and that since 1930 he had intended to build on the property, but did not have the money.

Though it be true that the homestead statute is liberally construed in favor of the homestead claimant, Williams v. Evans' Adm'r, 247 Ky. 105, 56 S. W. (2d) 710, we find no ground for sustaining the claim in this case. Appellant never established a residence on either one of the tracts in controversy. He did not cultivate them in connection with other land which he owned and occupied. On the contrary, he lived on land belonging to others, and cultivated a portion of the tracts while there. Though he claims to have gone to Ravenna to educate his children, with the purpose of returning

237

some day and building on one of the tracts, he estab--
lished a home at Ravenna, which he occupied for 5 or 6
years, and then sold. After that he lived with his
mother at Poplar Grove for a year and a half. During
these 8 years he never returned to the property in ques-
tion, or attempted to build thereon. After that he went
to Ohio, began housekeeping there, remained there for
over 2 years, and did not return, and did not indicate
any purpose to build on the land until after this suit
was brought, and returned for the purpose of making
defense. Even then he did not establish a residence on
the land, but returned to the tract occupied by his
mother. All that he now says is that he intends to
build when he gets the money. Even if it be assumed
that he acquired a homestead on the land while living
on land belonging to others, it is clear that the home-
stead was abandoned. It is not a case of temporary
absence with a fixed intention of returning to one's resi--
dence on the premises. It is a case where the claimant
was absent for a period of 10 years, during which time
he established two homes several miles distant and a
third home in another state, and the mere claim that
during all this time he intended at some future period
to build on the land and occupy it as a home is not suf--
ficient to support the claim of homestead.

It follows that the judgment was proper.

Judgment affirmed.