# First Nat. Bank of Jackson v. Oliver et al.

April 29, 1941.

A. H. Patton for appellant.

Williams & Allen for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSION-
ER—Affirming.

This action was instituted in the Breathitt circuit court by the First National Bank of Jackson, Kentucky, against Wendell Oliver and Elizabeth Oliver, his wife, the latter being the administratrix of the estate of Walter Oliver, deceased, who was the father of Wendell Oliver.

Appellant sought to recover of the estate of Walter Oliver the sum of $1,500 with interest thereon from January 13, 1937, and the further sum of $350 with interest from January 27, 1937, representing the unpaid balances of notes executed by appellee's decedent to appellant. The notes were secured by a mortgage upon a certain tract of land in Breathitt county which mortgage was foreclosed in the action, the property sold for $1,525, and after applying a portion of the proceeds of the sale to the costs on that branch of the case, the balance was applied to the indebtedness. The proceeds of the sale not being sufficient to satisfy the claim in full, appellant sought to set aside a deed of conveyance to a house and lot in Jackson, Kentucky, record title to which was in appellee, Wendell Oliver, and to subject the property to the payment of the balance of the debt.

It was alleged by appellant in its petition that the property had been conveyed to Wendell Oliver by his father, Walter Oliver, subsequent to the incurring of the debt sued on herein; that said conveyance was without consideration save that of love and affection for his son; and being without consideration, was subject to the debt of the antecedent in title.

In their answer appellees denied the conveyance was without consideration; alleged that the property was worth less than $1,000; and at the time of sale to the son, the property was occupied by the father as a homestead and therefore exempt from process to satisfy the debt.

The issue was joined and upon trial the court adjudged the property to be exempt as claimed; entered

judgment for the defendant; and dismissed the petition as to Wendell and Elizabeth Oliver in their individual capacities. The cause is before us on appeal from that judgment.

Section 1702, Kentucky Statutes, reads as follows:

"In addition to the personal property exempted by this article, there shall, on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred and sixty-six, be exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, including the dwelling house and appurtenances owned by debtors, who are actual bona fide housekeepers with a family, resident in this Commonwealth, as shall not exceed in value one thousand dollars ($1,000.00); but this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

It is conceded by appellant that a homestead is not subject to the debts of the owner thereof, but it is contended that this was not a homestead upon the theory that the owner of the alleged homestead was not an actual bona fide housekeeper with a family within the meaning of Section 1702, Kentucky Statutes. A proper disposition of this question requires a short review of the evidence which is uncontradicted.

Walter Oliver and his wife Lizzie jointly purchased the property in January 1921, and immediately moved thereon together with their son, Wendell, appellee herein. The son married and removed therefrom in the year 1929. Walter Oliver continuously lived on the property until the death of his wife in 1933. Shortly after the death of Lizzie Oliver, one Shelton Sewell moved into the property and the evidence is not clear whether Walter Oliver temporarily removed therefrom or whether he continued to room there and board with the Sewells. In either event, the Sewells moved off of the property a short time thereafter and Walter Oliver resumed his residence, or continued it, as the case might have been, until the time of his death in December 1936. On August 18, 1933, and after the Sewells had moved from

the property and while Walter Oliver was residing therein, he conveyed his interest in same to his son, Wendell, who did not move back until 1935, although it appears that his wife, Elizabeth, did move into the property and keep house for the father. The only evidence as to the value of Walter Oliver's interest in the property at the time of the conveyance is the testimony of Wendell who said it was worth between $500 and $600.

The right to a homestead exemption is purely statutory, Section 1702, Kentucky Statutes; Little's Guardian v. Woodward, 14 Bush 585, 587, and is secure to a land owner who is an actual bona fide housekeeper with a family, resident in the commonwealth. The principle underlying the rule is to secure to each citizen of the government a shelter and home for his family free from seizure by his creditors who have extended credit after the acquisition of the homestead. Smith v. Richey, 185 Ky. 516, 215 S. W. 429. The right to a homestead vests upon the acquisition of the property or at any time thereafter, while still occupied by the owner, provided the owner is, or becomes, a bona fide housekeeper with a family. Once vested, it is not essential to the continuance of the right that the family of the owner remain dependent on him or continue to be residents of the property. Neither will the death of the persons constituting the family divest the owner of his right therein. Rothwell v. Rothwell, 104 S. W. 276, 31 Ky. Law Rep. 851; Eastern Kentucky Asylum v. Cottle, 143 Ky. 719, 137 S. W. 235.

Applying the above rules to the facts in this case we find that the right of homestead vested in Walter Oliver in the year 1921 when he moved into the property with his wife and son. It was not essential to the continuance of the right that his wife should continue to live thereon or that his son should remain dependent upon him or a resident of the property. Once vested, neither the death of his wife nor the removal of his son divested him of his right to the homestead. While a homestead can be abandoned by the owner thereof, Tyler's Ex'r v. Williamson, 237 Ky. 579, 36 S. W. (2d) 34; Richardson v. Richardson, 252 Ky. 235, 67 S. W. (2d) 7, nevertheless mere temporary absence from the homstead, such as occurred in this case, does not constitute an abandonment and the owner loses no right by reason of such tempo-

rary absence. Smith v. Moss, 211 Ky. 226, 277 S. W. 245.

Thus it will be seen that Walter Oliver had a homestead right in the property at the time he executed the deed to his son; and since his interest therein was worth less than $1,000 it was exempt from the payment of his debts. Nor was the status of the exemption changed by the conveyance of the property to the son, even had the transaction been without consideration. If this were not the rule the deed could be set aside in the lifetime of the grantor, the legal effect of which would be to leave the title in the grantor, and since the homestead was exempt from the debts of the grantor before the conveyance, it would continue to be exempt, the same as if no attempt to divest the owner of his title had been made. Rothwell v. Rothwell, supra; Patrick v. Daniel, 238 Ky. 172, 37 S. W. (2d) 71.

In support of its contention appellant cites the following cases, to wit: Louisville Banking Co. v. Anderson, 106 Ky. 744, 44 S. W. 636, 19 Ky. Law Rep. 1839; Davis v. Dean, 236 Ky. 362, 33 S. W. (2d) 340; Evansville Coffin Co. v. Sumner, 189 Ky. 893, 226 S. W. (2d) 363; Jarboe v. Hayden, 133 Ky. 378, 117 S. W. 961. The reason for denial of the right of homestead in the Anderson, Davis, and Sumner cases, supra, was the failure of the claimant in each case to establish by pleading or proof one of the requisites of the right to such claim; viz: the existence of a family at, or subsequent to the time he or she became the owner of the property in which a homestead was asserted.

In the Jarboe case the husband had taken a fee simple title to the wife's property under her will and thereafter claimed a homstead in the property devised. The court held that by taking under the will the husband placed himself in the same position as a purchaser of the property, and as he had no family at the time of or subsequent to his acquisition of the property, he had no right of homestead by virtue of Section 1702, Kentucky Statutes, neither could he claim a homestead under Section 1708 unless he renounced the will. Neither of these cases is inconsistent with the views herein expressed; on the contrary, where applicable, they sustain such views.

It is insisted by appellant that Walter Oliver did

not claim the homestead in his lifetime and therefore, his grantee will not be heard to assert the right after the grantor's death. Appellant filed and made part of the evidence a financial statement presented to it by Walter Oliver for the purpose of obtaining the loans which it seeks to collect in this proceeding. The property in question was listed as an asset in the financial statement, but the record is silent as to whether the value of the homestead was deducted from the value placed on the property in the statement. However, we do not deem this to be material, because a homestead is not an estate in land; it merely accords the owner, if he be a housekeeper with a family, the privilege of occupying it free from the claims of his creditors, Demarest v. Allen, 189 Ky. 32, 224 S. W. 458; that being true, the exemption could not be asserted or claimed until a creditor seeks to subject the property to the satisfaction of a debt. Clay's Committee v. Washington, 183 Ky. 756, 210 S. W. 484.

It is unnecessary for us to discuss the question of consideration for the conveyance since, for the reasons hereinabove set out, the judgment must be, and is, affirmed.