## In re GRISANTI.

### No. 14738.

District Court, W. D. Kentucky,
Louisville Division.

Jan. 19, 1945.

Amos Williams and Williams and Williams, all of Taylorsville, Ky., for bankrupt.

D. A. Sachs, Jr., of Louisville, Ky., for trustee.

MILLER, District Judge.

The bankrupt herein, Zeffiro Grisanti, has petitioned for a review of the Referee's order entered on June 28, 1944 which denied the bankrupt a homestead exemption in a 245-acre tract of land located in Spencer County, Kentucky.

The bankrupt purchased the real estate in 1913 but did not receive a deed thereto until 1925. The Referee made a finding of fact that "The land had no improvements thereon suitable for occupancy by his wife and family, and, after having spent some five or six months on said property during the first, second or third summer after the purchase thereof by the bankrupt, his wife refused to occupy or live on said property thereafter, but lived in a house in the City of Louisville, Kentucky, rented and maintained by her and the bankrupt for her use and that of their family. * * * The bankrupt lived alone on said property in an incompleted shack and looked after and raised several acres of grapes out of which to make his wine and raised a few chickens. His sons visited the place occasionally to hunt. The property was not used as a home for the family because it had no facilities and was not intended to be a home for the family, the wife having refused to occupy the same, as above stated."

On May 17, 1934 the bankrupt executed a mortgage against the property to the Land Bank Commissioner in the amount of $1,800, of which amount $1,113.54 was unpaid at the time of bankruptcy. On January 27, 1943 the bankrupt executed a mortgage against the property to David Grisanti, his son, to secure a simultaneous advance of $200 and other sums to be advanced. The petition in bankruptcy was filed on January 14, 1944. David Grisanti filed a claim against the bankrupt estate for $2,805.83, asserting a mortgage lien against the real estate as security. The trustee filed exceptions to this claim as a secured claim, and on April 24, 1944 the exceptions were sustained, except to the sum of $225.03, on the ground that it was fraudulent against creditors having provable claims. The property was sold on July 10, 1944 for $2,800.

The bankrupt claimed a homestead exemption in the amount of $1,000. On June 5, 1944 the trustee filed a report refusing to allow the exemption. On June 28, 1944 the Referee entered an order sustaining the trustee's report in this respect.

It is this order which is now under review.

Section 6 of the Bankruptcy Act, Section 24, Title 11 U.S.C.A., provides that the bankrupt shall be entitled to the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition, with certain exceptions to be hereinafter referred to. Accordingly, the allowance or disallowance of the homestead exemption claimed by the bankrupt depends upon the construction given to Section 427.060, Kentucky Revised Statutes, which provides for a homestead exemption not exceeding $1,000 in value in land "owned by any bona fide housekeeper with a family resident in this state." The Referee held under the facts above referred to that the bankrupt did not acquire any homestead exemption under the provisions of this Section of the Kentucky Statutes. In view of the decisions of the Court of Appeals of Kentucky in First National Bank of Jackson v. Oliver, 286 Ky. 286, 289, 150 S.W.2d 894, and in Foreman v. Cook, 277 Ky. 812, 127 S.W.2d 856, I do not agree with this ruling. The Court said in the Oliver case [286 Ky. 286, 150 S.W.2d 896], "The right to a homestead vests upon the acquisition of the property or at any time thereafter, while still occupied by the owner, provided the owner is, or becomes, a bona fide housekeeper with a family. Once vested, it is not essential to the continuance of the right that the family of the owner remain dependent on him or continue to be residents of the property. Neither will the death of the persons constituting the family divest the owner of his right therein. * * * It was not essential to the continuance of the right that his wife should continue to live thereon or that his son should remain dependent upon him or a resident of the property. Once vested, neither the death of his wife nor the removal of his son divested him of his right to the homestead."

The bankrupt actually moved onto the property after he purchased it and lived there for some five or six months with his wife and family. At that time there was a dwelling on the farm, consisting of two rooms and a kitchen, to which was later added three additional rooms. He also built two barns and raised tobacco and corn every year. The sons at intervals would live with him for two to four weeks at a time. His right to a homestead vested at the time when he and his family began to live there. The fact that his wife thereafter refused to stay there, although the bankrupt himself continued to live on the property, did not divest him of this right nor constitute any abandonment of it by him. It is accordingly held that the bankrupt acquired a homestead in the property which could be claimed as an exemption by him unless invalidated by his other acts.

Section 6 of the Bankruptcy Act gives to the bankrupt the exemptions above referred to, subject to the following provision: "Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess."

This provision is new in the Chandler Act of 1938. Before that time the decisions were in conflict as to whether the bankrupt might claim his exemptions from property which had been transferred or concealed but recovered by the trustee. Since there was no express provision on the subject in the Bankruptcy Act, most of the decisions followed the applicable state law. In Arbogast v. Gottfried, 6 Cir., 58 F.2d 156, the Circuit Court of Appeals for this Circuit followed the Ohio law and allowed the exemption. The exemption would probably also be allowed under the Kentucky decisions. See Davis v. H. Feltman Co., 112 Ky. 293, 65 S.W. 615, 99 Am. St.Rep. 289; Mount v. Fourth Street Bank, 156 Ky. 503, 505, 161 S.W. 220; Tewmey v. Tewmey's Assignee, 251 Ky. 489, 65 S. W.2d 479. However, the exemption had been denied in the District Courts of Pennsylvania, New Jersey, North Carolina and California. See In re Coddington, D.C., 126 F. 891; In re Wishnefsky, D.C., 181 F. 896; In re Evans, D.C., 116 F. 909; In re Hupp, D.C., 43 F.2d 159. It was the intention of Congress in enacting this proviso in the 1938 Act to clear up this conflict by making the matter uniform throughout the country and not to permit an allowance to be made out of property which is recovered after a preference or fraudulent transfer. In re Rogers, E.D.

648

N.Y., 45 F.Supp. 297; Collier on Bankruptcy, 14th Ed., Section 6.11, pages 838 through 840. Under this provision of Section 6 the claimed exemption was properly disallowed by the Referee.

Accordingly, the petition to review is dismissed and the Referee's order of June 28, 1944 is affirmed.