**In re Eli POWELL.**

**In re Raymond Lee MAINS, Shirley Florine Mains.**

**Bankruptcy Nos. 94–60042, 94–20253.**

United States Bankruptcy Court, E.D. Kentucky.

Oct. 18, 1994.

Ronald Butler, Lexington, KY, for Eli Powell.

Elizabeth Lee Thompson, Lexington, KY, for Fifth Third Bank.

Bernard Southgate IV, Newport, KY, for Raymond and Shirley Mains.

Brian Chapman, Cincinnati, OH, for Star Bank.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

These two cases are before the Court on a common question of law concerning the entitlement of the debtors to assert the Kentucky homestead exemption in these Chapter 7 cases. A short review of the facts is necessary as a preliminary matter.

Eli Powell ("Powell") filed his proceeding under Chapter 7 on February 9, 1994. Among the listed assets is his residence located at 267 Asbill Road, McKee, Kentucky. Powell listed the value of this residence at $12,000 and a first mortgage indebtedness against it in the amount of $3,800 in favor of American General Finance. There is also a judgment lien against the property in favor of Fifth Third Bank ("Fifth Third"), Cincinnati, Ohio, in the amount of $8,317 pursuant to a judgment obtained December 14, 1993.

He has claimed a homestead exemption in the property pursuant to KRS 427.060 in the amount of $5,000. Powell has moved to avoid the judicial lien of Fifth Third pursuant to 11 U.S.C. § 522(f)(1) as a judicial lien which impairs an exemption to which he would otherwise be entitled. Fifth Third has objected to the avoidance of its lien citing *In re Moreland*, 21 F.3d 102 (6th Cir.1994).

Clearly, if Powell is entitled to assert the homestead exemption, the judicial lien of Fifth Third may be avoided in part since the sum total of the mortgage and judicial lien exceeds the value of the property. Powell also makes some reference to the judicial lien herein as preferential. Since no adversary action has been brought with respect to such alleged preference, the Court considers herein only the motion to avoid the judicial lien pursuant to 11 U.S.C. § 522(f)(1).

Raymond Lee Mains and Shirley Florine Mains ("the Mains") filed their proceeding under Chapter 7 on March 15, 1994. Among their assets is their residence located at 1510 St. Clair Street, Covington, Kentucky. The Mains valued the residence at $48,000 and list two mortgages against the property. The first mortgage is in favor of United Companies Lending Corporation ("United") in the amount of $27,746.51 as of May 2, 1994. The second mortgage is in favor of Portfolio Union Mortgage Company ("Portfolio") in the listed amount of $14,000. A judgment lien also exists against the residence in favor of Star Bank ("Star"), Cincinnati, Ohio in the amount of $2,096.15.

The Mains each claim a $5,000 homestead exemption in the residence for a total of $10,000. The Mains have moved to avoid the judgment lien of Star pursuant to 11 U.S.C. § 522(f)(1) as a judicial lien that impairs an exemption to which they would otherwise be entitled. Star opposes the avoidance of the judicial lien also citing *Moreland*. If the Mains are entitled to assert the Kentucky homestead exemption the lien of Star may be avoided in its entirety since the sum total of mortgages against the property, when subtracted from the value of the property, leaves a sum which is less than the claimed homestead exemption.

## I.

■ As an initial matter, Kentucky has "opted out" of the federal exemptions set out in 11 U.S.C. § 522(d). KRS 427.170. Kentucky's homestead exemption is set out at KRS 427.060 as follows:

427.060. Homestead and burial plot exemption—Exceptions.—In addition to any exemption of personal property, an individ-

ual debtor's aggregate interest, not to exceed $5,000 in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.

With the exception of changing the amount of the exemption from $1,000 to $5,000 in 1980, little change has been made in the statute in its long history which dates from the nineteenth century.

## II.

In both cases before the Court, the creditors rely on the *Moreland* case as authority for their opposition to the motions to avoid. *Moreland* points out that *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) did not overrule *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989) which held that, under Ohio law, debtors were not entitled to the benefit of Ohio's homestead exemption since the debtor's residence was not subject to judicial sale or other form of involuntary execution. At page 330. The *Moreland* Court found, likewise, that "... Moreland still would not have been entitled to her claimed homestead exemption as there was no judicial sale or involuntary execution pending." At page 107.

The *Dixon* Court cited clear Ohio authority for its holding that, under Ohio law, a debtor is not entitled to assert his or her homestead exemption in the absence of a forced sale or other involuntary execution. *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986). Clearly, if Kentucky courts have given the same interpretation to its homestead exemption statute as have Ohio courts to their homestead exemption statute, the same result must follow. The debtor may avoid liens only on that property which the state has declared ex-

**340**

empt. *In re Pine,* 717 F.2d 281 (6th Cir. 1983) and *In re Spears,* 744 F.2d 1225 (6th Cir.1984).

### III.

We must turn now to Kentucky law to see what property the Commonwealth of Kentucky has declared to be exempt. The homestead exemption statute of Kentucky is set out hereinabove and, at first glance, resembles the Ohio statute. However, a look at case law interpretations of the statute by Kentucky's highest court yields a completely different picture.

■ Kentucky has clearly recognized the right of a debtor to assert the homestead exemption in the absence of a forced sale. In *First National Bank of Jackson v. Oliver,* 286 Ky. 286, 150 S.W.2d 894 (1941) Kentucky's highest court held that the right to a homestead exemption vests at the acquisition of the property or at any time thereafter and that Oliver's voluntary conveyance to his son could not be set aside:

> Thus it will be seen that Walter Oliver had a homestead right in the property at the time he executed the deed to his son; and since his interest was worth less than $1,000 [the then exempt amount] it was exempt from the payment of his debts. Nor was the status of the exemption changed by the conveyance of the property to the son, even had the transaction been without consideration. If this were not the rule the deed could be set aside in the lifetime of the grantor, the legal effect of which would be to leave the title in the grantor, and since the homestead was exempt from the debts of the grantor before the conveyance, it would continue to be exempt, the same as if no attempt to divest the owner of his title had been made.

At page 896. See also: *In re Grisanti,* 58 F.Supp. 646 (W.D.Ky.1945) (the District Court for the Western District of Kentucky recognized this interpretation of when the Kentucky homestead exemption arises); *Tong, etc. v. Eifort,* 80 Ky. 152, 3 K.L.R. 647 (1882) (conveyance valid since homestead exempt from creditor's demands); *W.M. Davis v. Davis, Trabue & Co.,* 6 Ky.Opin. 487 (1873) (creditors cannot be injured by sale of homestead property by debtors since it is exempt); *Kessler v. Tapp,* 297 Ky. 607, 180 S.W.2d 552 (1944) (since a homestead is exempt, the owner may convey it as he sees fit and such conveyance is not a preference under the state preferential conveyance statute).

While this Court believes the above is decisive of the issue before the Court, it is interesting to compare the Ohio court's *Daugherty* decision (on which the *Dixon* decision is based) with Kentucky decisions in the same area. The *Daugherty* case made two points: 1) exempt property maintains its status as exempt property despite being deposited in a bank account; and 2) that despite this exempt status the bank could exercise setoff rights since the Ohio exemption statute specifically provides that the property is exempt from execution, attachment, garnishment or sale and setoff is not one of those enumerated legal actions.

While exact parallels could not be found, the Kentucky courts have consistently held that proceeds exempt under the workers compensation statutes maintain their exempt status when deposited in a bank account and *may not* be subjected to garnishment. *Matthews v. Lewis, et al.,* 617 S.W.2d 43 (Ky. 1981). In the *Matthews* case, the unanimous opinion of the Kentucky Supreme Court stated:

> We hold that unless they provide clearly to the contrary, Kentucky's exemption statutes, including but not limited to KRS 342.180, extend protection to deposits in bank checking accounts so long as those deposits can be identified as or traced to exempt funds.

At page 46. Further, exempt workers compensation funds are not subject to setoff. *Winstead v. Hicks,* 135 Ky. 154, 121 S.W. 1018 (1909); *Beattyville Co., et al. v. Sizemore, et al.,* 203 Ky. 7, 261 S.W. 620 (1924); and *Grant v. Phoenix–Jellico Coal Co.,* 155 Ky. 585, 159 S.W. 1161 (1913).

Even given the difference in the exemption language between the homestead exemption statute and workers compensation statute, this Court must conclude that if Kentucky's highest court were confronted with the exact facts from the *Daugherty* case, it would rec-

ognize the funds as exempt from setoff. Kentucky courts have given teeth to the "liberal construction in favor of the homestead claimant," while some other states have only given it lip service. *In re Goetz*, 28 F.Supp. 689 (W.D.Ky.1939); *Brewer v. Brewer*, 268 Ky. 625, 105 S.W.2d 582 (1937); *Richardson v. Richardson*, 252 Ky. 235, 67 S.W.2d 7 (1934); *Williams v. Evans' Administrator*, 247 Ky. 105, 56 S.W.2d 710 (1933).

Accordingly, the Court concludes that the Kentucky homestead exemption statute is available to eligible debtors at the time a petition under the Bankruptcy Code is filed where there is no pending sale of the residence and therefore the debtors in these proceedings are entitled to have their motions to avoid the judicial liens of the respective creditors avoided to the extent that the liens impair these valid homestead exemptions.

### IV.

In the Powell case, when $8,800 (the sum of the mortgage and the exemption allowed) is subtracted from $12,000 (the value of the residence) the result is $3,200 which is the amount of equity in the residence which is not exempt and upon which the lien of Fifth Third remains valid as regards avoidance of a judicial lien pursuant to 11 U.S.C. § 522(f)(1).

### V.

In the Mains case, the sum of the mortgages plus the allowed exemption exceed the value of the property so the lien of Star may be avoided altogether.

A separate order will be entered in each case.