Eunice LASHBROOK, Appellant,

v.

Dr. Malcolm BARNES, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1969.

George V. Triplett, Owensboro, for appellant.

Clarence Bartlett, Owensboro, for appellee.

B. ROBERT STIVERS, Special Commissioner.

Henry Cobb died in the State of Missouri in July, 1964. The appellant, Eunice Lashbrook, was Cobb's mother. Cobb's body was returned to Kentucky and buried in a cemetery at Calhoun. Approximately a month later, the appellant, through a friend, secured the services of Dr. Malcolm Barnes, a pathologist from Louisville, to do an autopsy on Henry Cobb because she suspected foul play. The body was exhumed and brought to a funeral home in Owensboro, Kentucky, where the appellee did a detailed autopsy. His autopsy was performed after getting the written consent of the appellant.

Some few months later the appellant employed Dr. Frank Cleveland, a well-known pathologist from Cincinnati, Ohio, to do another autopsy upon her deceased son. Dr. Cleveland performed the autopsy but did not find any evidence of foul play. However, he did find that the heart was missing from the body and the brain had been taken from the head and examined and then placed in the stomach for the purpose of reburial.

The appellant then brought suit against Dr. Barnes claiming that he mutilated the body of her deceased son. At the conclusion of all the evidence the court directed a verdict for the appellee. The appellant maintains that this was error and advances several contentions to support her theory. However, after analyzing the several contentions it is apparent that there are only two questions presented: (1) Did Dr. Barnes have authority to perform an autopsy on Henry Cobb by the person authorized to give permission? (2) Was the autopsy performed in the customary and usual manner?

To determine the appellee's authority to perform the autopsy it becomes necessary to look at the permit signed by the appellant. The written authorization is as follows:

"Permit for Postmortem Examination
Owensboro, Ky.
Aug. 14, 1964

"I, the undersigned hereby authorize Mr. Malcolm Barnes, M.D., or their designated agent, as acting Coroner's Pathologist to perform a complete autopsy upon the remains of Henry H. Cobb, deceased, in the presence of such other persons as said pathologist may, in his discretion, permit and to keep any specimens from the remains of said decedent necessary for pathological study. I certify that I have jurisdiction of the body of the said decedent and the legal authority to authorize and request such autopsy and agree to indemnify and hold harmless the person or persons performing said autopsy from any liability on account of this authorization or autopsy.

/s/ Eunice Lashbrook
Mother
Owensboro R # 3

"Witness:
/s/ Charles P. Cobb."

■ The record discloses that the appellant admitted signing the permit. It is quite clear from reading the permit that the appellee had the authority from Eunice Lashbrook, the person legally authorized to give permission for an autopsy, and she is now estopped from claiming otherwise. McDonald v. Goodman, Ky., 239 S.W.2d 97; Streipe v. Liberty Mutual Life Insurance Co., et al, 243 Ky. 15, 47 S.W.2d 1004.

■ Since the heart was missing and the brain was placed in the stomach, was the body mutilated by the appellee so as to authorize a recovery by the appellant?

Dr. Barnes testified that the autopsy was done at Owensboro on an undertaker's table. In order to substantiate his findings that death was caused by a heart attack, it became necessary for him to take the heart to his laboratory in Louisville to do a dissection and microscopic examination. He produced slides at the trial to verify that he did a dissection and microscopic examination of the heart.

The appellee further testified that in all the autopsies that he had performed the brain had never been placed back in the skull because it was impracticable to do so. He pointed out that after the brain was removed it was then thoroughly examined and usually dissected. With the brain in this condition it would be hard to restore it to its normal resting place and would cause seepage to the outside area.

It is readily apparent that the appellant did not know what an autopsy such as this one entailed. Autopsy per se means the inspection and partial dissection of the dead body to learn the cause of death. To determine if there had been foul play or if Cobb had died of a heart attack as originally stated, it was necessary to do what Dr. Barnes did on the body of the deceased Cobb.

There were four eminent pathologists who testified in this case: Dr. Frank Cleveland, Cincinnati, Ohio; Dr. John D. Allen, Louisville, Kentucky; Dr. David Orrahood, Owensboro, Kentucky; and the appellee, Dr. Malcolm Barnes. They all testified that the manner in which the appellee performed the autopsy was the customary and usual method used by a pathologist.

The undisputed evidence established that appellee had proper authorization to perform the autopsy and did perform it in the customary and usual manner. Therefore, the trial court properly directed a verdict for appellee.

The judgment is affirmed.

All concur.